# STONEMAN, CHANDLER & MILLER LLP

99 HIGH STREET

BOSTON, MASSACHUSETTS 02110

TELEPHONE (617) 542-6789

FACSIMILE (617) 556-8989

WWW.SCMLLP.COM

ALAN S. MILLER
ROBERT CHANDLER
CAROL CHANDLER
KAY H. HODGE
ROBERT G. FRASER
MACON P. MAGEE
REBECCA L. BRYANT
GEOFFREY R. BOK
NANCY N. NEVILS
JOAN L. STEIN

JOHN M. SIMON
KATHERINE D. CLARK
GINA M. YARBROUGH
JONATHAN R. WERNER
ANDREA L. BELL

MIRIAM K. FREEDMAN
OF COUNSEL

April 14, 2005

Clerk's Office
U.S. District Court
John Joseph Moakley Courthouse
One Courthouse Way
Boston, MA 02210

Re:    *White, et al. v. Pacific Direct Corporation, et al.*
       U.S.D.C. Mass. Civil Action No. 05-10716-MLW

Dear Sir/Madam:

I am enclosing for filing a certified copy of the Superior Court record of the above-referenced case. This case was removed from Middlesex Superior Court to this Court by notice dated April 11, 2005.

Thank you for your attention to this matter.

Sincerely,

John M. Simon

Enclosure

c: Marc D. Engel, Esq. (w/o encl.)
   Bhupinder Singh (w/o encl.)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
CIVIL NO.

05-1077

| | |
|---|---|
| ———————————————— ) | |
| GREGORY WHITE, HENRY MATTOS ) | |
| and GREGORY CRANE, ) | |
| Plaintiffs. ) | |
| ) | |
| -vs- ) | |
| ) | |
| PACIFIC DIRECT CORPORATION ) | |
| and BHUPINDER SINGH, ) | |
| Defendants. ) | |
| ) | |
| -vs- ) | |
| ) | |
| COMMUNITY-SUFFOLK, INC.; ) | |
| 4-M FRUIT DISTRIBUTORS, INC.; ) | |
| COAST TO COAST PRODUCE, LLC; ) | |
| and THE ALPHAS GROUP, INC. ) | |
| Reach and Apply Defendants. ) | |
| ———————————————— ) | |



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
⸱⸱⸱ ESEX
MAR 30 2005
Edward J. Sullivan
CLERK

## VERIFIED COMPLAINT

1.    This is a cause of action based on claims for violations by the defendants of M.G.L. c.

149, § 148 (the "Wage Act"), breach of contract, fraud and fraudulent inducement.  The case is

brought by the plaintiffs, former employees of the defendants, for failing to pay them the salary

and commissions each of them earned and were owed by the defendant; for defendant's breach of

their contract to reimburse plaintiff, Henry Mattos, certain business related expenses; and for

sending pay stubs fraudulently indicating taxes were withheld and for fraudulently inducing the

plaintiffs to come to work for the defendants; all as more particularly described hereinafter.

-1-

2.    This court has jurisdiction pursuant to M.G.L. c. 212, § 4, c. 214, § 3 and M.G.L. c. 223A. Venue is properly laid pursuant to M.G.L. c. 223, § 8.

### THE PARTIES

3.    The plaintiff, Gregory White ("White"), is an individual residing in Cambridge, Middlesex County, Massachusetts.

4.    The plaintiff, Henry Mattos ("Mattos"), is an individual residing in Cambridge, Middlesex County, Massachusetts.

5.    The plaintiff, Gregory Crane ("Crane"), is an individual residing in Boston, Suffolk County, Massachusetts.

6.    The defendant, Pacific Direct Corp. ("Pacific Direct") is, upon information and belief, a California corporation. Pacific Direct maintains an office and conducts business in Cambridge, Middlesex County, Massachusetts. Pacific Direct is in the business of providing transportation and shipping services primarily to the commercial food industry.[1]

7.    The defendant, Bhupinder Singh ("Singh") is the president of Pacific Direct.

8.    The Reach and Apply defendant, Community-Suffolk, Inc. ("Community Suffolk"), is a customer of Pacific Direct and maintains offices in Everett, Massachusetts.

9.    The Reach and Apply defendant, 4-M Fruit Distributors, Inc. ("4-M"), is a customer of Pacific Direct and maintains offices in Everett, Massachusetts.

10.    The Reach and Apply defendant, Coast to Coast Produce, LLC ("Coast to Coast"), is a

---

[1] Pacific Direct is affiliated with PacGreen International, Inc. ("PacGreen"). The plaintiffs sometimes receive paychecks on accounts labeled PacGreen. Upon information and belief, both Pacific Direct and PacGreen are owned by the same individuals. In any event, plaintiffs allege to have been employed by the defendant, Pacific Direct Corporation.

-2-

customer of Pacific Direct and maintains offices in Everett, Massachusetts.

11.    The Reach and Apply defendant, The Alphas Company, Inc. ("Alphas Company"), is a customer of Pacific Direct and maintains offices in Chelsea, Massachusetts.

## THE FACTS

12.    Prior to May, 2003, the plaintiffs White, Mattos and Crane had all been engaged as transportation brokers for several years. In said capacity the plaintiffs would arrange for the transport of a company's products, generally to an end-user of said products, utilizing various trucking and other transportation-related companies. Among the transportation companies utilized by the plaintiffs prior to May, 2003 was Pacific Direct.

13.    Prior to May, 2003, Pacific Direct approached each of the plaintiffs and offered them employment as salaried employees, performing largely the same tasks as the plaintiffs previously performed, but now solely on behalf of Pacific Direct.

14.    As part of Pacific Direct's inducement to the plaintiffs to accept the offer of employment, Pacific Direct represented to each of the plaintiffs that Pacific Direct owned approximately 150 trucks and would be expanding their fleet of trucks. This was a significant inducement for the plaintiffs to accept Pacific Direct's offer of employment because the large fleet of trucks would obviate plaintiff's need to locate trucks from a wide variety of sources. They would no longer be commissioned brokers, but rather salaried employees.

15.    On or about May 3, 2003, White commenced employment with Pacific Direct. White was to be paid a salary in the sum of $126,000 per year, to be paid bi-monthly in the sum of $5,250 each pay period.

16.    Mattos commenced employment by Pacific Direct on or about June 9, 2003. Mattos was

to be paid a salary in the sum of $175,000 per year, to be paid bi-monthly in the sum of $7,291.61 each pay period.

17.  Crane commenced employment by Pacific Direct on May 1, 2003.  Crane was to be paid a salary of $110,000 per year, to be paid bi-monthly in ths sum of $4,584 each pay period.

18.  In addition to their salaries, each of the plaintiffs received medical insurance paid for by Pacific Direct and were to be reimbursed for business-related expenses.

19.  Each of the plaintiffs worked full-time at Pacific Direct's office located in Cambridge, Massachusetts.  The plaintiffs each worked six (6) days per week and were on call 24 hours per day.  Pacific Direct provided each of the plaintiffs with all of their required equipment and supplies.  White and Crane received written employment offers prior to their acceptance of employment by Pacific Direct.

20.  Through November 17, 2003 each of the plaintiffs received an itemized pay stub with each bi-monthly salary check indicating the gross amount of the check, and the amounts withheld from the check on account of income taxes, F.I.C.A. and Medicare.

21.  White's pay stub of September 17, 2003 indicated that he had earned the sum of $39,173.08 in gross wages for the year to date and that Pacific Direct had withheld the following sums for the year to date: $8,462.88 in federal income tax, $2,428.73 in F.I.C.A. taxes and $1,860.77 in state income taxes.

22.  Mattos' pay stub of September 17, 2003 indicated that he had earned the sum of $43,750.02 in gross wages for the year to date and that Pacific Direct had withheld the following sums for the year to date: $9,409.14 in federal income taxes, $3,346.88 in F.I.C.A. taxes and $2,144.27 in state income taxes.

-4-

23.    Crane's pay stub of September 17, 2003 indicated that he had earned the sum of

$41,250.06 in gross wages for the year to date and that Pacific Direct had withheld the following

sums for the year to date: $8,646.75 in federal income tax, $2,557.50 in F.I.C.A. taxes and

$1,951.77 in state income taxes.

24.    Beginning on October 2, 2003, Pacific Direct began to issue fraudulent pay stubs

accompanying the pay stubs given to each of the plaintiffs. Pacific Direct issued four (4)

fraudulent pay stubs to White and four (4) fraudulent pay stubs to Mattos (for the pay periods

ending on 10/2/03, 10/17/03, 11/2/03 and 11/17/03). Pacific Direct issued at least two (2)

fraudulent pay stubs to Crane (for the pay periods ending on 10/2/03 and 10/17/03).

25.    Each and every one of these pay stubs noted in ¶ 24, above, noted an increase in federal

income taxes, F.I.C.A. taxes and state income taxes allegedly withheld from the date of the

previous paycheck. In fact, unbeknownst to the plaintiffs at that time, Pacific Direct had stopped

submitting taxes on behalf of the plaintiffs to the proper taxing authorities.

26.    After November 17, 2003, Pacific Direct no longer provided the plaintiffs with pay stubs

accompanying their paychecks.

27.    On January 15, 2004, Pacific Direct unilaterally lowered Mattos' salary from the agreed-

upon $175,000/year to $110,000/year.

28.    On or about March 15, 2004, each of the plaintiffs received Form W-2 from Pacific

Direct. In each instance the amount noted on the W-2 form was the amount each plaintiff had

earned through September 17, 2003 and thus less than the amount noted on the fraudulent pay

stubs given by Pacific Direct to the plaintiffs in the weeks subsequent to September 17, 2003.

Similarly, the W-2 forms noted the amount of taxes withheld as the amount of tax which had been

withheld only through September 17, 2003. It was as a result of the receipt of the W-2 forms on March 15, 2004 that the plaintiffs first learned that Pacific Direct had been wrongfully and illegally failing to withhold taxes for each of the plaintiffs for the period of October 1, 2003 through March 31, 2004.

29.     Upon learning of Pacific Directs illegal actions, the plaintiffs jointly complained to defendant, Singh. In response to plaintiff's complaints, on April 30, 2004 Pacific Direct increased each plaintiff's bi-monthly paycheck to their respective gross salary.

30.     As of April 30, 2004, Pacific Direct stopped withholding taxes from plaintiffs' paychecks, claiming that they were each independent contractors, despite their legal status as employees, as described in ¶s 18 and 19, above.

31.     Despite plaintiff's protestations, Pacific Direct continued to refuse to pay the plaintiffs the wages which had never been paid, *i.e.*, the amount which defendants had failed to withhold on account of taxes.

32.     In August, 2004, Pacific Direct commenced its campaign of coercion, seeking to have the plaintiffs sign a commission agreement in lieu of the salary to which they were entitled. Pacific Direct told each of the plaintiffs that Pacific Direct would pay the back wages owed to each plaintiff only on the condition that they sign the commission agreement (and the commission schedule noted therein) and abandon their claim to a salary.

33.     Pacific Direct's actions put the plaintiffs in a disadvantageous position in that the plaintiffs would have no source of income unless they signed the commission agreements. Pacific Direct's actions in coercing the plaintiffs to sign the commission agreement amounted to economic duress of the plaintiffs.

34.    As the result of Pacific Direct's coercion, and only on the promise of the defendant to pay White the money already owed to him, White signed the commission agreement on August 29, 2004. Notwithstanding the date of the execution of the commission agreement, Pacific Direct insisted that the effective date be August 15, 2004.

35.    As the result of Pacific Direct's coercion, and only on the promise of the defendant to pay Mattos the money already owed to him, Mattos signed the commission agreement on September 20, 2004. Notwithstanding the date of the execution of the commission agreement, Pacific Direct insisted that the effective date be August 15, 2004.

36.    As the result of Pacific Direct's coercion, and only on the promise of the defendant to pay Crane the money already owed to him, Crane signed the commission agreement on or about October 18, 2004. Notwithstanding the date of the execution of the commission agreement, Pacific Direct insisted that the effective date be August 15, 2004.

37.    None of the plaintiffs received payment for their gross wages to which they were entitled after August 15, 2004. Rather the plaintiffs received checks allegedly representing commissions they had earned pursuant to the commission agreement.

38.    Although the commission agreement required payment of commissions based on a percentage of "gross net sales" generated by each plaintiff, none of the plaintiffs were ever given access to company records to determine the amount of "gross net sales" which they each generated, nor did any of the plaintiffs receive any statements of "gross net sales".

39.    The plaintiffs each left the employ of Pacific Direct on November 9, 2004 as the result of Pacific Direct's refusal to pay them the wages which they are owed.

40.    In addition to the wages which are due the plaintiffs from Pacific Direct, none of the

-7-

plaintiffs were paid for the vacation time which they had each accrued but had not used at the time of their termination.

41.    On December 16, 2004, each of the plaintiffs filed a Non-Payment of Wage Complaint Form with the office of the Attorney General of the Commonwealth of Massachusetts. Ninety (90) days has expired since the filing of said Complaints with the Attorney General.

## COUNT I - PLAINTIFF, GREGORY WHITE V. PACIFIC DIRECT CORPORATION VIOLATION OF M.G.L. c. 149, § 148

42.    The plaintiff, White, restates each and every allegation contained in ¶s 1 - 41 as if set forth in their entirety herein.

43.    The defendant, Pacific Direct has violated M.G.L. c. 149, § 148 in failing to pay White the wages due him within six (6) days of the termination of the pay period in which the wages were earned.

44.    Defendant, Pacific Direct's actions in coercing White to sign the commission agreement renders the commission agreement void. White is thus entitled to receive his salary up to the date of his termination less monies paid to him by Pacific Direct during his employment.

45.    Pacific Direct promised White the same vacation time he had been receiving at his prior employment, *i.e.*, four (4) weeks per year. During his employment, White accrued a total of 28⅓ days of vacation and used a total of 11 days of vacation. White's daily salary was $484.62.

46.    Pacific Direct has failed to pay White the sum of $38,974.59 in wages, as follows:

|  |  |
|---|---|
| Unpaid wages from 10/1/03 - 3/31/04 | $23,716.59 |
| Wages owed from 8/15/04 - 11/9/04 | 29,009.62 |
| Unpaid accrued vacation | 8,398.38 |
| Subtotal | $61,124.59 |

Less: money paid by Pacific Direct
after 8/15/04                          22,150.00
                                      $38,974.59

47.     M.G.L. c. 149, § 150 provides, inter alia, for ". . . treble damages for any loss of wages or

other benefits" plus an award of the costs of the litigation and reasonable attorney's fees.

WHEREFORE, White demands judgment against the defendant, Pacific Direct in the sum

of $116,923.77 plus the costs of litigation and such reasonable attorneys fees as this Court shall

determine.

## COUNT II - PLAINTIFF, GREGORY WHITE V. DEFENDANT, BHUPINDER SINGH VIOLATION OF M.G.L. c. 149, § 148

48.     The plaintiff, White, restates each and every allegation contained in ¶s 1 - 47 as if set forth

in their entirety herein.

49.     Pursuant to M.G.L. c. 149, § 148 and the cases decided pursuant thereto, corporate

officers are personally liable for the failure of the corporation of which they are an officer to

comply with said statute.

WHEREFORE, White demands judgment against the defendant, Bhupinder Singh in the

sum of $116,923.77 plus the costs of litigation and such reasonable attorney's fees as this Court

shall determine.

## COUNT III - PLAINTIFF, HENRY MATTOS V. PACIFIC DIRECT CORPORATION VIOLATION OF M.G.L. c. 149, § 148

50.     The plaintiff, Mattos, restates each and every allegation contained in ¶s 1 - 41 as if set

forth in their entirety herein.

51.     The defendant, Pacific Direct has violated M.G.L. c. 149, § 148 in failing to pay Mattos

the wages due him within six (6) days of the termination of the pay period in which the wages

were earned.

52.    Defendant, Pacific Direct's actions in coercing Mattos to sign the commission agreement

renders the commission agreement void.  Mattos is thus entitled to receive his salary up to the

date of his termination less monies paid to him by Pacific Direct during his employment.

53.    Pacific Direct promised Mattos the same vacation time he had been receiving at his prior

employment, *i.e.*, four (4) weeks per year.  During his employment, Mattos accrued a total of

28⅓ days of vacation and used a total of 7 days of vacation.  Mattos' daily salary was $423.08.

54.    Pacific Direct has failed to pay Mattos the sum of $46,471.72 in wages, as follows:

|  |  |
|---|---|
| Unpaid wages from 10/1/03 - 3/31/04 | $26,285.88 |
| Wages owed from 8/15/04 - 11/9/04 | 25,388.31 |
| Unpaid accrued vacation | 10,695.96 |
| Subtotal | $62,370.15 |
| Less: money paid by Pacific Direct after 8/15/04 | 15,898.43 |
| | $46,471.72 |

55.    M.G.L. c. 149, § 150 provides, inter alia, for ". . . treble damages for any loss of wages or

other benefits" plus an award of the costs of the litigation and reasonable attorney's fees.

WHEREFORE, Mattos demands judgment against the defendant, Pacific Direct in the

sum of $139,415.16 plus the costs of litigation and such reasonable attorneys fees as this Court

shall determine.

## COUNT IV - PLAINTIFF, HENRY MATTOS V. DEFENDANT, BHUPINDER SINGH
## VIOLATION OF M.G.L. c. 149, § 148

56.    The plaintiff, Mattos, restates each and every allegation contained in ¶s 1 - 41 and ¶s 50 -

55  as if set forth in their entirety herein.

-10-

57.    Pursuant to M.G.L. c. 149, § 148 and the cases decided pursuant thereto, corporate officers are personally liable for the failure of the corporation of which they are an officer to comply with said statute.

WHEREFORE, Mattos demands judgment against the defendant, Bhupinder Singh in the sum of $139,415.16 plus the costs of litigation and such reasonable attorney's fees as this Court shall determine.

## COUNT V - PLAINTIFF, GREGORY CRANE V. PACIFIC DIRECT CORPORATION VIOLATION OF M.G.L. c. 149, § 148

58.    The plaintiff, Crane, restates each and every allegation contained in ¶s 1 - 41 as if set forth in their entirety herein.

59.    The defendant, Pacific Direct has violated M.G.L. c. 149, § 148 in failing to pay Crane the wages due him within six (6) days of the termination of the pay period in which the wages were earned.

60.    Defendant, Pacific Direct's actions in coercing Crane to sign the commission agreement renders the commission agreement void. Crane is thus entitled to receive his salary up to the date of his termination less monies paid to him by Pacific Direct during his employment.

61.    Pacific Direct promised Crane the same vacation time he had been receiving at his prior employment, *i.e.*, three (3) weeks per year. During his employment, Crane accrued a total of 22½ days of vacation and used a total of 4 days of vacation. Crane's daily salary was $423.08.

62.    Pacific Direct has failed to pay Crane the sum of $37,037.53 in wages, as follows:

|  |  |
|---|---|
| Unpaid wages from 10/1/03 - 3/31/04 | $20,852.32 |
| Wages owed from 8/15/04 - 11/9/04 | 25,388.31 |

-11-

|                                              |              |
|----------------------------------------------|--------------|
| Unpaid accrued vacation                      | 7,826.92     |
| Subtotal                                     | $54,067.55   |
|                                              |              |
| Less: money paid by Pacific Direct           |              |
| after 8/15/04                                | 17,030.02    |
|                                              | $37,037.53   |

63.    M.G.L. c. 149, § 150 provides, inter alia, for ". . . treble damages for any loss of wages or other benefits" plus an award of the costs of the litigation and reasonable attorney's fees.

WHEREFORE, Crane demands judgment against the defendant, Pacific Direct in the sum of $111,112.59 plus the costs of litigation and such reasonable attorneys fees as this Court shall determine.

## COUNT VI - PLAINTIFF, GREGORY CRANE V. DEFENDANT, BHUPINDER SINGH
## VIOLATION OF M.G.L. c. 149, § 148

64.    The plaintiff, Crane, restates each and every allegation contained in ¶s 1 - 41 and ¶s 58 - 63 as if set forth in their entirety herein.

65.    Pursuant to M.G.L. c. 149, § 148 and the cases decided pursuant thereto, corporate officers are personally liable for the failure of the corporation of which they are an officer to comply with said statute.

WHEREFORE, Crane demands judgment against the defendant, Bhupinder Singh in the sum of $111,112.59 plus the costs of litigation and such reasonable attorney's fees as this Court shall determine.

## COUNT VII - HENREY MATTOS V. PACIFIC DIRECT CORPORATION
## BREACH OF CONTRACT

66.    The plaintiff, Mattos, restates each and every allegation contained in ¶s 1 - 41 as if set forth in their entirety herein.

-12-

67.    While employed by Pacific Direct, Mattos incurred expenses in the sum of $3,137.60

related to his employment for which Pacific Direct was to reimburse him.

68.    Despite repeated demands for payment, Pacific Direct has refused to pay Mattos for the

business-related expenses that he incurred.

WHEREFORE, plaintiff, Mattos, demands judgment against the defendant, Pacific Direct

in the sum of $3,137.60 plus interest and costs.

### COUNT VIII - GREGORY WHITE V. PACIFIC DIRECT CORPORATION
### FRAUD IN THE INDUCEMENT

69.    The plaintiff, White, restates each and every allegation contained in ¶s 1 - 41 as if set forth

in their entirety herein.

70.    The defendant, Pacific Direct, falsely and fraudulently stated and represented to White the

number of trucks owned by Pacific Direct and the intention of Pacific Direct in expanding its fleet

of trucks.

71.    When the statements and representations were made, they were known by Pacific Direct

to be false and were made with the intent to deceive White and to induce him to leave his

employment for the job offer of Pacific Direct.

72.    White reasonably believed the fraudulent statements of Pacific Direct to be true and relied

upon such statements. But for the fraudulent statements of Pacific Direct, White would not have

left his prior employment as a transportation broker merely to accept another position as a

transportation broker.

WHEREFORE, plaintiff, White demands judgment against the defendant, Pacific Direct in

such amount as may be proved at trial.

-13-

## COUNT IX - HENRY MATTOS V. PACIFIC DIRECT CORPORATION
## FRAUD IN THE INDUCEMENT

73.    The plaintiff, Mattos, restates each and every allegation contained in ¶s 1 - 41 as if set

forth in their entirety herein.

74.    The defendant, Pacific Direct, falsely and fraudulently stated and represented to Mattos

the number of trucks owned by Pacific Direct and the intention of Pacific Direct in expanding its

fleet of trucks.

75.    When the statements and representations were made, they were known by Pacific Direct

to be false and were made with the intent to deceive Mattos and to induce him to leave his

employment for the job offer of Pacific Direct.

76.    Mattos reasonably believed the fraudulent statements of Pacific Direct to be true and

relied upon such statements. But for the fraudulent statements of Pacific Direct, Mattos would

not have left his prior employment as a transportation broker merely to accept another position as

a transportation broker.

WHEREFORE, plaintiff, Mattos demands judgment against the defendant, Pacific Direct

in such amount as may be proved at trial.

## COUNT X - GREGORY CRANE V. PACIFIC DIRECT CORPORATION
## FRAUD IN THE INDUCEMENT

77.    The plaintiff, Crane, restates each and every allegation contained in ¶s 1 - 41 as if set forth

in their entirety herein.

78.    The defendant, Pacific Direct, falsely and fraudulently stated and represented to Crane the

number of trucks owned by Pacific Direct and the intention of Pacific Direct in expanding its fleet

of trucks.

79.    When the statements and representations were made, they were known by Pacific Direct to be false and were made with the intent to deceive Crane and to induce him to leave his employment for the job offer of Pacific Direct.

80.    Crane reasonably believed the fraudulent statements of Pacific Direct to be true and relied upon such statements. But for the fraudulent statements of Pacific Direct, Crane would not have left his prior employment as a transportation broker merely to accept another position as a transportation broker.

WHEREFORE, plaintiff, Crane demands judgment against the defendant, Pacific Direct in such amount as may be proved at trial.

## COUNT XI - GREGORY WHITE V. PACIFIC DIRECT CORPORATION
## FRAUD

81.    The plaintiff, White, restates each and every allegation contained in ¶s 1 - 41.

82.    The defendant, Pacific Direct, falsely and fraudulently issued pay stubs to White wherein it was represented that Pacific Direct had withheld monies on account of taxes and paid said monies to the proper taxing authorities on plaintiff's account.

83.    In addition, after November 17, 2003 defendant, Pacific Direct no longer provided plaintiff with any pay stubs but fraudulently led the plaintiff to believe that taxes were still being paid on plaintiff's behalf by the defendant, Pacific Direct.

84.    Defendant, Pacific Direct's actions were performed with the knowledge by Pacific Direct that they were false and were performed with the intent to deceive White.

85.    White reasonably believed the fraudulent actions of Pacific Direct to be true and relied upon said actions.

-15-

WHEREFORE, plaintiff, White demands judgment against the defendant, Pacific Direct, in such amounts as may be proved at trial on account of said fraudulent actions.

## COUNT XII - HENRY MATTOS V. PACIFIC DIRECT CORPORATION
### FRAUD

86.     The plaintiff, Mattos, restates each and every allegation contained in ¶s 1 - 41.

87.     The defendant, Pacific Direct, falsely and fraudulently issued pay stubs to Mattos wherein it was represented that Pacific Direct had withheld monies on account of taxes and paid said monies to the proper taxing authorities on plaintiff's account.

88.     In addition, after November 17, 2003 defendant, Pacific Direct no longer provided plaintiff with any pay stubs but fraudulently led the plaintiff to believe that taxes were still being paid on plaintiff's behalf by the defendant, Pacific Direct.

89.     Defendant, Pacific Direct's actions were performed with the knowledge by Pacific Direct that they were false and were performed with the intent to deceive Mattos.

90.     Mattos reasonably believed the fraudulent actions of Pacific Direct to be true and relied upon said actions.

WHEREFORE, plaintiff, Mattos demands judgment against the defendant, Pacific Direct, in such amounts as may be proved at trial on account of said fraudulent actions

## COUNT XIII - GREGORY CRANE V. PACIFIC DIRECT CORPORATION
### FRAUD

91.     The plaintiff, Crane, restates each and every allegation contained in ¶s 1 - 41.

92.     The defendant, Pacific Direct, falsely and fraudulently issued pay stubs to Crane wherein it was represented that Pacific Direct had withheld monies on account of taxes and paid said monies to the proper taxing authorities on plaintiff's account.

-16-

93.    In addition, after November 17, 2003 defendant, Pacific Direct no longer provided

plaintiff with any pay stubs but fraudulently led the plaintiff to believe that taxes were still being

paid on plaintiff's behalf by the defendant, Pacific Direct.

94.    Defendant, Pacific Direct's actions were performed with the knowledge by Pacific Direct

that they were false and were performed with the intent to deceive Crane.

95.    Crane reasonably believed the fraudulent actions of Pacific Direct to be true and relied

upon said actions.

       WHEREFORE, plaintiff, Crane demands judgment against the defendant, Pacific Direct,

in such amounts as may be proved at trial on account of said fraudulent actions.

### COUNT XIV - PLAINTIFFS GREGORY WHITE, HENRY MATTOS AND GREGORY CRANE V. COMMUNITY-SUFFOLK, INC. <br> REACH AND APPLY

96.    The plaintiffs, White, Mattos and Crane, restate each and every allegation contained in ¶s

1 - 47, 51 - 55 and 59 - 63 as if set forth in their entirety herein.

97.    Upon information and belief, Community-Suffolk utilizes the transportation services of the

defendant, Pacific Direct, payment for which is due by Community-Suffolk to Pacific Direct.

98.    Upon information and belief, Pacific Direct has no other property that can be attached but

for the accounts receivable due from Community-Suffolk and other customers.

99.    If Community-Suffolk pays the monies it owes to Pacific Direct, it will be beyond the

reach of the plaintiffs and thus the plaintiffs will suffer irreparable harm.

       WHEREFORE, the plaintiffs demand:

       1.    That the Reach and Apply defendant, Community-Suffolk, Inc. be temporarily

restrained from paying, transferring or assigning, any monies to defendant, Pacific Direct Corp. up

-17-

to the amount of $425,000.00.

2.      That upon a hearing, that the Reach and Apply defendant, Community-Suffolk,

Inc. be restrained and enjoined from paying, transferring or assigning any monies to defendant,

Pacific Direct Corp. up to the amount of $425,000.00.

3.      That upon a determination of the amount owed by the defendant, Pacific Direct

Corp. to the plaintiffs, that the Reach and Apply defendant be ordered to pay over to the plaintiffs

such amounts as the Court shall determine.

4.      And for such other relief as this Court deems just.

### COUNT XV - PLAINTIFFS GREGORY WHITE, HENRY MATTOS AND GREGORY CRANE V. 4-M FRUIT DISTRIBUTORS, INC. REACH AND APPLY

100.    The plaintiffs, White, Mattos and Crane, restate each and every allegation contained in ¶s

1 - 47, 51 - 55 and 59 - 63 as if set forth in their entirety herein.

101.    Upon information and belief, 4-M Fruit Distributors utilizes the transportation services of

the defendant, Pacific Direct, payment for which is due by 4-M Fruit Distributors to Pacific

Direct.

102.    Upon information and belief, Pacific Direct has no other property that can be attached but

for the accounts receivable due from 4-M Fruit Distributors and other customers.

103.    If 4-M Fruit Distributors pays the monies it owes to Pacific Direct, it will be beyond the

reach of the plaintiffs and thus the plaintiffs will suffer irreparable harm.

WHEREFORE, the plaintiffs demand:

1.      That the Reach and Apply defendant, 4-M Fruit Distributors, Inc. be temporarily

restrained from paying, transferring or assigning, any monies to defendant, Pacific Direct Corp. up

-18-

to the amount of $425,000.00.

2.    That upon a hearing, that the Reach and Apply defendant, 4-M Fruit Distributors, Inc. be restrained and enjoined from paying, transferring or assigning any monies to defendant, Pacific Direct Corp. up to the amount of $425,000.00.

3.    That upon a determination of the amount owed by the defendant, Pacific Direct Corp. to the plaintiffs, that the Reach and Apply defendant be ordered to pay over to the plaintiffs such amounts as the Court shall determine.

4.    And for such other relief as this Court deems just.

## COUNT XVI - PLAINTIFFS GREGORY WHITE, HENRY MATTOS AND GREGORY CRANE V. COAST TO COAST PRODUCE, LLC
## REACH AND APPLY

104.    The plaintiffs, White, Mattos and Crane, restate each and every allegation contained in ¶s 1 - 47, 51 - 55 and 59 - 63 as if set forth in their entirety herein.

105.    Upon information and belief, Coast to Coast Produce utilizes the transportation services of the defendant, Pacific Direct, payment for which is due by Coast to Coast Produce to Pacific Direct.

106.    Upon information and belief, Pacific Direct has no other property that can be attached but for the accounts receivable due from Coast to Coast Produce and other customers.

107.    If Coast to Coast Produce pays the monies it owes to Pacific Direct, it will be beyond the reach of the plaintiffs and thus the plaintiffs will suffer irreparable harm.

WHEREFORE, the plaintiffs demand:

1.    That the Reach and Apply defendant, Coast to Coast Produce, LLC be temporarily restrained from paying, transferring or assigning, any monies to defendant, Pacific Direct Corp. up

to the amount of $425,000.00.

   2.     That upon a hearing, that the Reach and Apply defendant, Coast to Coast Produce,

LLC be restrained and enjoined from paying, transferring or assigning any monies to defendant,

Pacific Direct Corp. up to the amount of $425,000.00.

   3.     That upon a determination of the amount owed by the defendant, Pacific Direct

Corp. to the plaintiffs, that the Reach and Apply defendant be ordered to pay over to the plaintiffs

such amounts as the Court shall determine.

   4.     And for such other relief as this Court deems just.

### COUNT XVII - PLAINTIFFS GREGORY WHITE, HENRY MATTOS AND GREGORY CRANE V. THE ALPHAS COMPANY, INC. REACH AND APPLY

108.   The plaintiffs, White, Mattos and Crane, restate each and every allegation contained in ¶s

1 - 47, 51 - 55 and 59 - 63 as if set forth in their entirety herein.

109.   Upon information and belief, The Alphas Company utilizes the transportation services of

the defendant, Pacific Direct, payment for which is due by The Alphas Company to Pacific Direct.

110.   Upon information and belief, Pacific Direct has no other property that can be attached but

for the accounts receivable due from The Alphas Company and other customers.

111.   If The Alphas Company pays the monies it owes to Pacific Direct, it will be beyond the

reach of the plaintiffs and thus the plaintiffs will suffer irreparable harm.

   WHEREFORE, the plaintiffs demand:

   1.     That the Reach and Apply defendant, The Alphas Company, Inc. be temporarily

restrained from paying, transferring or assigning, any monies to defendant, Pacific Direct Corp. up

to the amount of $425,000.00.

-20-

2.      That upon a hearing, that the Reach and Apply defendant, The Alphas Company,

Inc. be restrained and enjoined from paying, transferring or assigning any monies to defendant,

Pacific Direct Corp. up to the amount of $425,000.00.

3.      That upon a determination of the amount owed by the defendant, Pacific Direct

Corp. to the plaintiffs, that the Reach and Apply defendant be ordered to pay over to the plaintiffs

such amounts as the Court shall determine.

4.      And for such other relief as this Court deems just.

DATE:  3/29/05

PLAINTIFFS, GREGORY WHITE, HENRY
MATTOS and GREGORY CRANE,
By their attorneys,

Mark D. Engel, Esq.; BBO# 154440
Stephen Schultz, Esq.; BBO# 447680
Engel & Schultz, LLP
125 High Street, Suite 2601
Boston, Massachusetts 02110
(617) 951-9980 (telephone)

## VERIFICATION

Gregory White, Henry Mattos and Gregory Crane, having been duly sworn, each for

himself states that he is one of the plaintiffs in the above action; that the foregoing complaint is

true to his own knowledge, except as to those matters therein alleged upon information and belief,



MIDDLESEX, ss.   **Commonwealth of Massachusetts**

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file
and of record made by photographic process, I hereunto
set my hand and affix the seal of said Superior Court
this twelfth day of April, 2005.

Deputy                    Assistant Clerk

and as to those matters he believes it to be true.

_____
GREGORY WHITE

_____
HENRY MATTOS

_____
GREGORY CRANE

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    SUPERIOR COURT
                                                 CIVIL NO.

                                                 **05-1077**

_____
                                  )
GREGORY WHITE, HENRY MATTOS       )
and GREGORY CRANE,                )
              Plaintiffs.         )
                                  )
                                  )        ┌─────────────────────────┐
         -vs-                     )        │        FILED            │
                                  )        │   IN THE OFFICE OF THE   │
PACIFIC DIRECT CORPORATION        )        │   CLERK OF THE COURTS    │
and BHUPINDER SINGH,              )        │   FOR THE ............   │
              Defendants.         )        │     MAR 30 2005          │
                                  )        │                         │
         -vs-                     )        │                  CLERK   │
                                  )        └─────────────────────────┘
COMMUNITY-SUFFOLK, INC,;          )
4-M FRUIT DISTRIBUTORS, INC.;     )
COAST TO COAST PRODUCE, LLC;      )
and THE ALPHAS GROUP, INC.        )
              Reach and Apply Defendants. )
_____     )

## PLAINTIFFS EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs, Gregory White, Henry Mattos and Gregory Crane hereby move pursuant to

Mass. R. Civ. P. 65(a) for temporary restraining orders to issue against each of the Reach and

Apply Defendants, Community-Suffolk, Inc., 4-M Fruit Distributors, Inc., Coast to Coast

Produce, LLC and The Alphas Company, Inc. in the amount of $400,000.00 on goods, effects or

credits, including monies, that are due the Defendant, Pacific Direct, Inc. by each of said Reach

and Apply Defendants, as prayed for in Counts 14, 15, 16 and 17 of Plaintiffs' Verified

Complaint.

-1-

For the reasons set forth in the accompanying Memorandum in Support of Plaintiffs' Ex Parte Motion for Temporary Restraining Order and Plaintiffs' Verified Complaint, there is a reasonable likelihood that Plaintiffs will recover judgment, including interest and costs, in an amount equal to or greater than the amount sought of $400,000.00. The Plaintiffs know of no insurance policy available to the Defendants to cover Defendant's liability hereunder nor do they reasonably know such insurance policy to exist.

A significant risk exists that, if given advance notice of this Motion, Defendants will withdraw, remove or attempt to conceal the assets held by the Reach and Apply Defendants.

No bond is required pursuant to M.G.L. c. 246, § 1 as Plaintiffs action is a claim for personal services.

DATE: March 29, 2005

PLAINTIFFS, GREGORY WHITE, HENRY MATTOS and GREGORY CRANE,
By their attorneys,

Mark D. Engel, Esq.; BBO# 154440
Stephen Schultz, Esq.; BBO# 447680
Engel & Schultz, LLP
125 High Street, Suite 2601
Boston, Massachusetts 02110
(617) 951-9980 (telephone)

MIDDLESEX, ss.    **Commonwealth of Massachusetts**
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this twelfth day of April, 2005.

Deputy                Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
CIVIL NO.

**05-1077**



)
GREGORY WHITE, HENRY MATTOS    )
and GREGORY CRANE,    )
    Plaintiffs.    )
)
  -vs-    )
)
PACIFIC DIRECT CORPORATION    )
and BHUPINDER SINGH,    )
    Defendants.    )
)
  -vs-    )
)
COMMUNITY-SUFFOLK, INC.;    )
4-M FRUIT DISTRIBUTORS, INC.;    )
COAST TO COAST PRODUCE, LLC;    )
and THE ALPHAS GROUP, INC.    )
    Reach and Apply Defendants. )
)

```
FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
MAR 30 2005
CLERK
```

```
5821E000003/30/05CIVIL          240.00
5821E000003/30/05CIVIL          240.00
5821E000003/30/05CIVIL          240.00
5821E000003/30/05SUR CHARGE      15.00
5821E000003/30/05SECC            20.00
5823E000003/30/05TRO             90.00
5821E000003/30/05SUMMONS         30.00
```

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

### STATEMENT OF THE FACTS

This is a case brought by three (3) former employees of the defendant, Pacific Direct

Corporation ("Pacific Direct") for violation of M.G.L. c. 149, § 148 (the "Wage Act"), in failing

to pay the plaintiffs the salary which they were owed; for breach of contract, for failing to pay

business expenses which one of the plaintiffs, Henry Mattos, incurred; and for fraud, both in

inducing the plaintiffs to leave their existing jobs with false representations and in providing the

plaintiffs with fraudulent pay stubs, indicating that money withheld from their salary was being

-1-

paid to the appropriate taxing authorities when, in reality, no such money was paid.

The defendant, Pacific Direct, is a California corporation and maintains an office in Cambridge, Massachusetts. Pacific Direct provides transportation and shipping services, primarily to the food industry; *Verified Complaint, ¶ 6.* The defendant, Bhupinder Singh ("Singh") is the president of Pacific Direct. *Id, ¶ 7.*

Each of the plaintiffs were experienced transportation brokers when Pacific Direct approached them with an offer of employment. *Id, ¶ 13.* Pacific Direct represented to the plaintiffs that Pacific Direct owned a fleet of approximately 150 trucks and that it was expanding the fleet. *Id., ¶ 14.* Pacific Direct offered each of the plaintiffs a salaried position. Prior to this time, the plaintiffs had been on commission and the prospect of working for a large, expanding company and not being dependent on commissions was an attractive inducement to the plaintiffs to accept Pacific Direct's offer of employment. *Id, ¶ 14.*

Each of the plaintiffs commenced employment with Pacific Direct around May-June, 2003, *Id, ¶ 15-17,* at varied salaries. In the initial several months of their employment, the plaintiffs received their net salaries with pay stubs attached as required by the Wage Act. Pacific Direct stopped providing pay stubs with the salary checks given to the plaintiffs as of November 17, 2003. *Id, ¶ 26.*

On or about March 15, 2004, the plaintiffs received their W-2 forms from Pacific Direct for the salary they earned in 2003. *Id, ¶ 28.* It was then that the plaintiffs learned that Pacific Direct had stopped forwarding to the taxing authorities the monies withheld from the plaintiff's gross salary. That is, for the period of October 1, 2003 through March 31, 2004, the plaintiffs received their net salary but the amount withheld for taxes was, apparently kept by the defendant.

*Id,* ¶ *28.*

Once the plaintiffs learned of this and complained to the defendant, defendant commenced

paying the plaintiffs their entire gross salary, *i.e.,* defendant did not withhold any taxes. *Id,* ¶ *29.*

However, in August, 2004, the defendant, Pacific Direct coerced each of the plaintiffs into signing

a Commission Agreement by telling the plaintiffs that unless they signed the agreement and gave

up their claims to a salary, the defendant would not pay the back wages owed them. *Id,* ¶ *32.*

The plaintiffs were never given any accounting or access to records upon which the

"commissions" paid to them were based. *Id,* ¶ *38.* Rather, the defendant would unilaterally pay

each of the plaintiffs some arbitrary sum. The plaintiffs left the employ of the defendant, Pacific

Direct, on November 9, 2004. *Id,* ¶ *39.*

The defendant, Pacific Direct, failed and refused to pay the plaintiffs the salary owed to

them within the six (6) days required by the Wage Act. At the time of their termination, each of

the plaintiffs were owed for vacation time they had accrued but not utilized. The defendant,

Pacific Direct, failed and refused to pay the plaintiffs for their unused vacation time. *Id,* ¶ *40.*

The Reach and Apply Defendants are all customers of the defendant, Pacific Direct. *Id,* ¶

*8-11.*

## STATEMENT OF THE CASE

Plaintiffs have brought claims against the defendant, Pacific Direct, for violation of the

Wage Act (Counts 1, 3 and 5), for fraud (Counts 11 - 13) and for fraud in the inducement

(Counts 8 - 10). Plaintiffs have brought claims against the defendant, Bhupinder Singh ("Singh")

in that as president of Pacific Direct, he is liable individually for violations of the Wage Act

(Counts 2, 4 and 6). Plaintiff, Mattos, has brought a breach of contract claim (Count 7) for the

-3-

failure of defendant, Pacific Direct to pay him for business-related expenses he incurred, as contracted for.

Counts 14 - 17 seek to reach and apply monies held by the named Reach and Apply Defendants which may be owed to the defendant, Pacific Direct.

Plaintiffs seek triple damages for the nonpayment of their salary (including vacation time) by the defendants. They also seek a temporary restraining order and preliminary injunctions against each of the Reach and Apply Defendants in an amount approximately equal to their damages.

## ARGUMENT

Plaintiffs have a reasonable likelihood of success on the merits of their claim.

The standard for granting a temporary restraining order and/or preliminary injunction was set forth in the case of Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980), where the Court stated:

> [W]hen asked to grant a preliminary injunction, the judge initially evaluates in combination the moving party's claim of injury and chance of success on the merits. If the judge is convinced that failure to issue the injunction would subject the moving party to a substantial risk of irreparable harm, the judge must then balance this risk against any similar risk of irreparable harm which granting the injunction would create for the opposing party. What matters as to each party is not the raw amount of irreparable harm the party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits. Only where the balance between these risks cuts in favor of the moving party may a preliminary injunction properly issue.

### I. Plaintiff Has A Reasonable Likelihood Of Success On Their Wage Act Claims As Well On Their Fraud Claim

The Wage Act is clear and specific in its requirements as to the payment of salary. The Wage Act specifically requires that the employer must pay the employee "the wages earned by

-4-

him within six days of the termination of the pay period." The W-2 forms provided by the

defendant, Pacific Direct, to the plaintiffs clearly indicate that the difference between the plaintiffs

gross salary and net salary was not paid to them.

In addition, the Wage Act specifies that "(t)he word 'wages' shall include any . . . vacation

payments due an employee under an oral or written agreement". *See* also <u>Electric Data Systems

Corporation v. Attorney General v. another</u>, 440 Mass. 1020.

Finally, M.G.L. c. 149, § 150 states that violations of the Wage Act are subject to "treble

damages for any loss of wages and other benefits. An employee so aggrieved and who prevails in

such an action <u>shall</u> be entitled to an award of the costs of the litigation and reasonable attorneys

fees". (emphasis added).

## II. The Plaintiffs Shall Suffer Irreparable Harm If A
## Temporary Restraining Order Does Not Issue

The defendant, Pacific Direct, is a California corporation. It misrepresented to the

plaintiffs its assets in fraudulently inducing the plaintiffs to accept employment. It gave fraudulent

pay stubs to the plaintiffs, claiming that it had made tax payments on their behalf when, in reality,

it had not. The defendant coerced the plaintiffs into signing a Commission Agreement,

threatening not to pay the monies owed to the plaintiffs unless they signed said agreement. The

defendant never provided the plaintiffs with any basis whatsoever for the monies paid to them

after the signing of the coerced commission agreement. The defendant's conduct throughout its

dealings with the plaintiffs has been underhanded, fraudulent, coercive and illegal. Clearly, the

plaintiff cannot be relied upon to pay the judgment that plaintiffs are likely to obtain.

The monies held by the Reach and Apply Defendants are likely the sole source of funds

-5-

available to the plaintiffs to satisfy the judgment they are likely to obtain.  It is likely, based on defendants prior conduct, that if the defendants were notified in advance of this request, it would seek to obtain the monies from the Reach and Apply Defendants prior to the issuance of an injunction.

<u>**III. There Is A Reasonable Likelihood That the Plaintiffs Will Recover Judgment, Including Interest And Costs, In An Amount Equal To Or Greater Than The Amount Sought To Be Restrained And Enjoined**</u>

The damages claimed by each plaintiff are spelled out in the respective counts.  They consist of three (3) categories:

- The difference between the gross salary due each plaintiff and the net amount received for the period of October 1, 2003 - March 31, 2004.

- The gross salary payable to each plaintiff for the period of August 15, 2004 - November 9, 2004 less the amounts actually paid[1].

- Unpaid accrued vacation.

The Wage Act, as described above, is clear.  The total unpaid wages equals $122,483.84. Tripling the damages brings this sum to $367,451.52.  Count VII of the Complaint alleges a breach of contract for an additional $3,137.60.  The plaintiffs would be entitled to their costs plus reasonable attorney's fees.

---

[1] Each plaintiff received monies during this time period.  It is unclear upon what basis or calculation the amount was determined.  Nonetheless, plaintiffs credit the defendants with the gross amount received.

-6-

## CONCLUSION

For the reasons stated in this Memorandum, plaintiffs motion for a temporary restraining order should be allowed.

DATE: March 29, 20005

PLAINTIFFS, GREGORY WHITE, HENRY MATTOS and GREGORY CRANE,
By their attorneys,

Mark D. Engel, Esq.; BBO# 154440
Stephen Schultz, Esq.; BBO# 447680
Engel & Schultz, LLP
125 High Street, Suite 2601
Boston, Massachusetts 02110
(617) 951-9980 (telephone)

MIDDLESEX, ss.    **Commonwealth of Massachusetts**
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this twelfth day of April, 2005.

Deputy                Assistant Clerk

-7-

MARK D. ENGEL, ESQUIRE
ENGEL & SCHULTZ
125 HIGH STREET
HIGH STREET TOWER, STE. 2601
BOSTON, MA 02110
(617) 951-9980

For Court Use Only



## COMMONWEALTH OF MASSACHUSETTS
## COUNTY OF MIDDLESEX-THE SUPERIOR COURT

GREGORY WHITE, et al.

**PLAINTIFFS,**

vs.

PACIFIC DIRECT CORPORATION, et al.
**DEFENDANTS.**

vs.

COMMUNITY-SUFFOLK, INC., et al.
**REACH AND APPLY DEFENDANTS.**

**CASE NUMBER**
MICV2005-1077-D

**PROOF OF SERVICE**

*I certify that I am an individual not less than eighteen years of age, not a party to the within action, and served the following documents:* **TRACKING ORDER-F TRACK; PLAINTIFFS EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER; MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER; VERIFIED COMPLAINT**

*Party Served* :    BHUPINDER SINGH
*Person Served* :    BHUPINDER SINGH
Address:           4775 BROOKHOLLOW CIRCLE
                 GLEN AVON, CA 92509

*Date Served*:     APRIL 4, 2005         *Time*: 1:23 PM

Manner of Service:    PERSONAL SERVICE

I received the within service on: APRIL 4, 2005

### DECLARATION OF SERVER

*I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

TRENT MACKIE
FIRST LEGAL SUPPORT SERVICES
3600 LIME ST., STE. 626
RIVERSIDE, CA 92501
(951) 779-1110
Registration No.: 534
County: SAN BERNARDINO

*Fees for Service:*
*Date*: APRIL 5, 2005

Signature: _____

**PROOF OF SERVICE**

MARK D. ENGEL, ESQUIRE
ENGEL & SCHULTZ
125 HIGH STREET
HIGH STREET TOWER, STE. 2601
BOSTON, MA 02110
(617) 951-9980

For Court Use Only

## COMMONWEALTH OF MASSACHUSETTS
## COUNTY OF MIDDLESEX-THE SUPERIOR COURT

GREGORY WHITE, et al.

**PLAINTIFFS,**

vs.

PACIFIC DIRECT CORPORATION, et al.
**DEFENDANTS.**

vs.

COMMUNITY-SUFFOLK, INC., et al.
**REACH AND APPLY DEFENDANTS.**

**CASE NUMBER**
MICV2005-1077-D

**PROOF OF SERVICE**

*I certify that I am an individual not less than eighteen years of age, not a party to the within action, and served the following documents:* **TRACKING ORDER-F TRACK; PLAINTIFFS EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER; MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER; VERIFIED COMPLAINT**

*Party Served* :     PACIFIC DIRECT CORPORATION
*Person Served* :    BHUPINDER SINGH/AUTHORIZED TO ACCEPT SERVICE
*Address:*           4775 BROOKHOLLOW CIRCLE
                     GLEN AVON, CA 92509

*Date Served*:       APRIL 4, 2005          *Time*: 1:23 PM

Manner of Service:   PERSONAL SERVICE BY LEAVING WITH BHUPINDER SINGH

I received the within service on: APRIL 4, 2005

## DECLARATION OF SERVER

*I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

TRENT MACKIE
FIRST LEGAL SUPPORT SERVICES
3600 LIME ST., STE. 626
RIVERSIDE, CA 92501
(951) 779-1110
Registration No.: 534
County: SAN BERNARDINO

*Fees for Service:*
*Date*: APRIL 5, 2005

Signature:

**PROOF OF SERVICE**

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET# **MICV2005-01077**

Gregory White, Henry Mattos, Gregory Crane,
     Plaintiff(s)

vs.

Pacific Direct Corporation, Bhupinder Singh, Defendant(s) and Community - Suffolk, Inc.; 4-M Fruit Distributors, Inc.; Coast to Coast Produce, LLC; and The Alphas Group, Inc. Reach and apply defendants

## SUMMONS AND RESTRAINING ORDER

To the above named Defendant(s):

    You are hereby summoned and required to serve upon, plaintiff's attorney,
**Mark D Engel, Esquire of Engel & Schultz**
**125 High Street High Steet Tower Suite 2601,**
**Boston, MA 02110**, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

    You are also required to file your answer to the complaint in the office of Clerk of this Court at Cambridge either before service upon plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

    **WE ALSO NOTIFY YOU** that application has been made in said action, as appears in the complaint, for a preliminary injunction.

    And that a hearing upon such application will be held at the court house at said **Cambridge**, in said county, on **04/08/2005** A.D. at **02:00 PM**, in **Rm 7A (Cambridge)** at which time you may appear and show cause why such application should not be granted.

    In the meantime, until such hearing, **WE COMMAND YOU**, said reach and apply defendants, Community-Suffolk, Inc., 4-M Fruit Distributors, Inc., Coast to Coast Produce, LLC and The Alphas Company, Inc. and your agents, attorneys and counselors, and each and every one of them, to desist and refrain from paying $400,000.00 on goods, effects or credits, including monies, that are due the Defendant, Pacific Direct, Inc.

    **Witness, Barbara J. Rouse**, Esquire, Chief Justice of the Superior Court at Cambridge, Massachusetts this 30th day of March, 2005.

                             *Edward J Sullivan*

                                                 Clerk

## (AFFIX RETURN OF SERVICE ON BACK OF SUMMONS)

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET# **MICV2005-01077**

Gregory White, Henry Mattos, Gregory Crane,
Plaintiff(s)

vs.

Pacific Direct Corporation, Bhupinder Singh, Defendant(s) and Community - Suffolk, Inc.; 4-M Fruit Distributors, Inc.; Coast to Coast Produce, LLC; and The Alphas Group, Inc.  Reach and apply defendants

## SUMMONS AND RESTRAINING ORDER

To the above named Defendant(s):

You are hereby summoned and required to serve upon, plaintiff's attorney,

**Mark D Engel, Esquire of Engel & Schultz**
**125 High Street High Steet Tower Suite 2601,**
**Boston, MA 02110,** an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

You are also required to file your answer to the complaint in the office of Clerk of this Court at Cambridge either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application has been made in said action, as appears in the complaint, for a preliminary injunction.

And that a hearing upon such application will be held at the court house at said **Cambridge**, in said county, on **04/08/2005** A.D. at **02:00 PM**, in **Rm 7A (Cambridge)** at which time you may appear and show cause why such application should not be granted.

In the meantime, until such hearing, **WE COMMAND YOU**, said reach and apply defendants, Community-Suffolk, Inc., 4-M Fruit Distributors, Inc., Coast to Coast Produce, LLC and The Alphas Company, Inc. and your agents, attorneys and counselors, and each and every one of them, to desist and refrain from paying $400,000.00 on goods, effects or credits, including monies, that are due the Defendant, Pacific Direct, Inc.

**Witness, Barbara J. Rouse**, Esquire, Chief Justice of the Superior Court
at Cambridge, Massachusetts this 30th day of March, 2005.

Edward J Sullivan

.............................................................................
Clerk

## (AFFIX RETURN OF SERVICE ON BACK OF SUMMONS)

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

cvcortroiss_2.wpd 622979 hrgpin gouveial

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

CIVIL DOCKET# MICV2005-01077

APR 08 2005

Edward J. Sullivan
CLERK

Gregory White, Henry Mattos, Gregory Crane,
Plaintiff(s)

vs.

Pacific Direct Corporation, Bhupinder Singh, Defendant(s) and Community - Suffolk, Inc.; 4-M Fruit Distributors, Inc.; Coast to Coast Produce, LLC; and The Alphas Group, Inc. Reach and apply defendants

## SUMMONS AND RESTRAINING ORDER

To the above named Defendant(s):

You are hereby summoned and required to serve upon, plaintiff's attorney,

**Mark D Engel, Esquire of Engel & Schultz**
**125 High Street High Steet Tower Suite 2601,**
**Boston, MA 02110**, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

You are also required to file your answer to the complaint in the office of Clerk of this Court at Cambridge either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application has been made in said action, as appears in the complaint, for a preliminary injunction.

And that a hearing upon such application will be held at the court house at said **Cambridge**, in said county, on **04/08/2005** A.D. at **02:00 PM**, in Rm 7A **(Cambridge)** at which time you may appear and show cause why such application should not be granted.

In the meantime, until such hearing, **WE COMMAND YOU**, said reach and apply defendants, Community-Suffolk, Inc., 4-M Fruit Distributors, Inc., Coast to Coast Produce, LLC and The Alphas Company, Inc. and your agents, attorneys and counselors, and each and every one of them, to desist and refrain from paying $400,000.00 on goods, effects or credits, including monies, that are due the Defendant, Pacific Direct, Inc.

Chief Justice of the Superior Court

# RETURN OF SERVICE

## Community-Suffolk, Inc..

### April 4, 2005

I hereby certify and return that on this day, I served the within SUMMONS AND
RESTRAINING ORDER, together with a copy of the complaint in this action, upon
the within-named Reach and Apply Defendant, by handing true and attested copies
thereof to Ms. Ann White, Person in Charge and duly authorized agent, in hand.
Said service was made at 304 Second Street, Everett, MA.


Dated:  April 4, 2005

**CONSTABLE & COURT APPOINTED
PROCESS SERVER**

# RETURN OF SERVICE

## 4-M Fruit Distributors, Inc.

**April 4, 2005**
**I hereby certify and return that on this day, I served the within SUMMONS AND RESTRAINING ORDER, together with a copy of the complaint in this action, upon the within-named Reach and Apply Defendant, by handing true and attested copies thereof to Jamie Divola, Sales Associate, Person in Charge and duly authorized agent, in hand.  Said service was made at 34 Market Street, Everett, MA.**

**Dated:  April 4, 2005**

**CONSTABLE & COURT APPOINTED PROCESS SERVER**

# RETURN OF SERVICE

## Coast to Coast Produce LLC

### April 4, 2005

I hereby certify and return that on this day, I served the within SUMMONS AND RESTRAINING ORDER, together with a copy of the complaint in this action, upon the within-named Reach and Apply Defendant, by handing true and attested copies thereof to Sean Murdock, Broker, Person in Charge and duly authorized agent, in hand.  Said service was made at 34 Market Street, Everett, MA.

Dated:  April 4, 2005

**CONSTABLE & COURT APPOINTED**
**PROCESS SERVER**

# RETURN OF SERVICE

## The Alphas Company, Inc.

### April 4, 2005

I hereby certify and return that on this day, I served the within SUMMONS AND RESTRAINING ORDER, together with a copy of the complaint in this action, upon the within-named Reach and Apply Defendant, by handing true and attested copies thereof to Peter Alphas, Trustee, Person in Charge and duly authorized agent, in hand.  Said service was made at 87-89 New England Produce Center, Chelsea, MA.

Dated:  April 4, 2005

**CONSTABLE & COURT APPOINTED PROCESS SERVER**

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
CIVIL NO. *MICV-2005-01077*

—————————————————— )
GREGORY WHITE, HENRY MATTOS )
and GREGORY CRANE, )
        Plaintiffs. )
         )
        -vs- )
         )
PACIFIC DIRECT CORPORATION )
and BHUPINDER SINGH, )
        Defendants. )
         )
        -vs- )
         )
COMMUNITY-SUFFOLK, INC.; )
4-M FRUIT DISTRIBUTORS, INC.; )
COAST TO COAST PRODUCE, LLC; )
THE ALPHAS GROUP, INC.; )
PETER CONDAKES COMPANY, INC.; )
SHAW'S SUPERMARKETS, INC.; )
TOP NOTCH TRUCK BROKERAGE and )
KANZAKI SPECIALTY PAPER, )
        Reach and Apply Defendants. )
—————————————————— )

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

APR 08 2005

## **VERIFIED AMENDED COMPLAINT**

1.     This is a cause of action based on claims for violations by the defendants of M.G.L. c.

149, § 148 (the "Wage Act"), breach of contract, fraud and fraudulent inducement. The case is

brought by the plaintiffs, former employees of the defendants, for failing to pay them the salary

and commissions each of them earned and were owed by the defendant; for defendant's breach of

their contract to reimburse plaintiff, Henry Mattos, certain business related expenses; and for

sending pay stubs fraudulently indicating taxes were withheld and for fraudulently inducing the

plaintiffs to come to work for the defendants; all as more particularly described hereinafter.

2.      This court has jurisdiction pursuant to M.G.L. c. 212, § 4, c. 214, § 3 and M.G.L. c.

223A. Venue is properly laid pursuant to M.G.L. c. 223, § 8.

## THE PARTIES

3.      The plaintiff, Gregory White ("White"), is an individual residing in Cambridge, Middlesex

County, Massachusetts.

4.      The plaintiff, Henry Mattos ("Mattos"), is an individual residing in Cambridge, Middlesex

County, Massachusetts.

5.      The plaintiff, Gregory Crane ("Crane"), is an individual residing in Boston, Suffolk

County, Massachusetts.

6.      The defendant, Pacific Direct Corp. ("Pacific Direct") is, upon information and belief, a

California corporation. Pacific Direct maintains an office and conducts business in Cambridge,

Middlesex County, Massachusetts. Pacific Direct is in the business of providing transportation

and shipping services primarily to the commercial food industry.[1]

7.      The defendant, Bhupinder Singh ("Singh") is the president of Pacific Direct.

8.      The Reach and Apply defendant, Community-Suffolk, Inc. ("Community Suffolk"), is a

customer of Pacific Direct and maintains offices in Everett, Massachusetts.

9.      The Reach and Apply defendant, 4-M Fruit Distributors, Inc. ("4-M"), is a customer of

Pacific Direct and maintains offices in Everett, Massachusetts.

---

[1] Pacific Direct is affiliated with PacGreen International, Inc. ("PacGreen"). The plaintiffs sometimes receive paychecks on accounts labeled PacGreen. Upon information and belief, both Pacific Direct and PacGreen are owned by the same individuals. In any event, plaintiffs allege to have been employed by the defendant, Pacific Direct Corporation.

10.    The Reach and Apply defendant, Coast to Coast Produce, LLC ("Coast to Coast"), is a customer of Pacific Direct and maintains offices in Everett, Massachusetts.

11.    The Reach and Apply defendant, The Alphas Company, Inc. ("Alphas Company"), is a customer of Pacific Direct and maintains offices in Chelsea, Massachusetts.

12.    The Reach and Apply defendant, Peter Condakes Company, Inc. ("Condakes"), is a customer of Pacific Direct and maintains offices in Chelsea, Massachusetts.

13.    The Reach and Apply defendant, Shaw's Supermarkets, Inc. ("Shaw's"), is a customer of Pacific Direct and maintains offices in West Bridgewater, Massachusetts.

14.    The Reach and Apply defendant, Top Notch Truck Brokerage ("Top Notch"), is a customer of Pacific Direct, conducts business in Massachusetts and has a primary place of business in Salinas, California.

15.    The Reach and Apply defendant, Kanzaki Specialty Paper ("Kanzaki"), is a customer of Pacific Direct and maintains offices in Springfield, Massachusetts.

## THE FACTS

16.    Prior to May, 2003, the plaintiffs White, Mattos and Crane had all been engaged as transportation brokers for several years. In said capacity the plaintiffs would arrange for the transport of a company's products, generally to an end-user of said products, utilizing various trucking and other transportation-related companies. Among the transportation companies utilized by the plaintiffs prior to May, 2003 was Pacific Direct.

17.    Prior to May, 2003, Pacific Direct approached each of the plaintiffs and offered them employment as salaried employees, performing largely the same tasks as the plaintiffs previously performed, but now solely on behalf of Pacific Direct.

-3-

18.     As part of Pacific Direct's inducement to the plaintiffs to accept the offer of employment, Pacific Direct represented to each of the plaintiffs that Pacific Direct owned approximately 150 trucks and would be expanding their fleet of trucks. This was a significant inducement for the plaintiffs to accept Pacific Direct's offer of employment because the large fleet of trucks would obviate plaintiff's need to locate trucks from a wide variety of sources. They would no longer be commissioned brokers, but rather salaried employees.

19.     On or about May 3, 2003, White commenced employment with Pacific Direct. White was to be paid a salary in the sum of $126,000 per year, to be paid bi-monthly in the sum of $5,250 each pay period.

20.     Mattos commenced employment by Pacific Direct on or about June 9, 2003. Mattos was to be paid a salary in the sum of $175,000 per year, to be paid bi-monthly in the sum of $7,291.61 each pay period.

21.     Crane commenced employment by Pacific Direct on May 1, 2003. Crane was to be paid a salary of $110,000 per year, to be paid bi-monthly in ths sum of $4,584 each pay period.

22.     In addition to their salaries, each of the plaintiffs received medical insurance paid for by Pacific Direct and were to be reimbursed for business-related expenses.

23.     Each of the plaintiffs worked full-time at Pacific Direct's office located in Cambridge, Massachusetts. The plaintiffs each worked six (6) days per week and were on call 24 hours per day. Pacific Direct provided each of the plaintiffs with all of their required equipment and supplies. White and Crane received written employment offers prior to their acceptance of employment by Pacific Direct.

24.     Through November 17, 2003 each of the plaintiffs received an itemized pay stub with each

-4-

bi-monthly salary check indicating the gross amount of the check, and the amounts withheld from the check on account of income taxes, F.I.C.A. and Medicare.

25.    White's pay stub of September 17, 2003 indicated that he had earned the sum of $39,173.08 in gross wages for the year to date and that Pacific Direct had withheld the following sums for the year to date: $8,462.88 in federal income tax, $2,428.73 in F.I.C.A. taxes and $1,860.77 in state income taxes.

26.    Mattos' pay stub of September 17, 2003 indicated that he had earned the sum of $43,750.02 in gross wages for the year to date and that Pacific Direct had withheld the following sums for the year to date: $9,409.14 in federal income taxes, $3,346.88 in F.I.C.A. taxes and $2,144.27 in state income taxes.

27.    Crane's pay stub of September 17, 2003 indicated that he had earned the sum of $41,250.06 in gross wages for the year to date and that Pacific Direct had withheld the following sums for the year to date: $8,646.75 in federal income tax, $2,557.50 in F.I.C.A. taxes and $1,951.77 in state income taxes.

28.    Beginning on October 2, 2003, Pacific Direct began to issue fraudulent pay stubs accompanying the pay stubs given to each of the plaintiffs. Pacific Direct issued four (4) fraudulent pay stubs to White and four (4) fraudulent pay stubs to Mattos (for the pay periods ending on 10/2/03, 10/17/03, 11/2/03 and 11/17/03). Pacific Direct issued at least two (2) fraudulent pay stubs to Crane (for the pay periods ending on 10/2/03 and 10/17/03).

29.    Each and every one of these pay stubs noted in ¶ 24, above, noted an increase in federal income taxes, F.I.C.A. taxes and state income taxes allegedly withheld from the date of the previous paycheck. In fact, unbeknownst to the plaintiffs at that time, Pacific Direct had stopped

submitting taxes on behalf of the plaintiffs to the proper taxing authorities.

30.     After November 17, 2003, Pacific Direct no longer provided the plaintiffs with pay stubs accompanying their paychecks.

31.     On January 15, 2004, Pacific Direct unilaterally lowered Mattos' salary from the agreed-upon $175,000/year to $110,000/year.

32.     On or about March 15, 2004, each of the plaintiffs received Form W-2 from Pacific Direct. In each instance the amount noted on the W-2 form was the amount each plaintiff had earned through September 17, 2003 and thus less than the amount noted on the fraudulent pay stubs given by Pacific Direct to the plaintiffs in the weeks subsequent to September 17, 2003. Similarly, the W-2 forms noted the amount of taxes withheld as the amount of tax which had been withheld only through September 17, 2003. It was as a result of the receipt of the W-2 forms on March 15, 2004 that the plaintiffs first learned that Pacific Direct had been wrongfully and illegally failing to withhold taxes for each of the plaintiffs for the period of October 1, 2003 through March 31, 2004.

33.     Upon learning of Pacific Directs illegal actions, the plaintiffs jointly complained to defendant, Singh. In response to plaintiff's complaints, on April 30, 2004 Pacific Direct increased each plaintiff's bi-monthly paycheck to their respective gross salary.

34.     As of April 30, 2004, Pacific Direct stopped withholding taxes from plaintiffs' paychecks, claiming that they were each independent contractors, despite their legal status as employees, as described in ¶s 18 and 19, above.

35.     Despite plaintiff's protestations, Pacific Direct continued to refuse to pay the plaintiffs the wages which had never been paid, *i.e.*, the amount which defendants had failed to withhold on

-6-

account of taxes.

36.    In August, 2004, Pacific Direct commenced its campaign of coercion, seeking to have the

plaintiffs sign a commission agreement in lieu of the salary to which they were entitled. Pacific

Direct told each of the plaintiffs that Pacific Direct would pay the back wages owed to each

plaintiff only on the condition that they sign the commission agreement (and the commission

schedule noted therein) and abandon their claim to a salary.

37.    Pacific Direct's actions put the plaintiffs in a disadvantageous position in that the plaintiffs

would have no source of income unless they signed the commission agreements. Pacific Direct's

actions in coercing the plaintiffs to sign the commission agreement amounted to economic duress

of the plaintiffs.

38.    As the result of Pacific Direct's coercion, and only on the promise of the defendant to pay

White the money already owed to him, White signed the commission agreement on August 29,

2004. Notwithstanding the date of the execution of the commission agreement, Pacific Direct

insisted that the effective date be August 15, 2004.

39.    As the result of Pacific Direct's coercion, and only on the promise of the defendant to pay

Mattos the money already owed to him,  Mattos signed the commission agreement on September

20, 2004. Notwithstanding the date of the execution of the commission agreement, Pacific Direct

insisted that the effective date be August 15, 2004.

40.    As the result of Pacific Direct's coercion, and only on the promise of the defendant to pay

Crane the money already owed to him,  Crane signed the commission agreement on or about

October 18, 2004. Notwithstanding the date of the execution of the commission agreement,

Pacific Direct insisted that the effective date be August 15, 2004.

41.    None of the plaintiffs received payment for their gross wages to which they were entitled after August 15, 2004. Rather the plaintiffs received checks allegedly representing commissions they had earned pursuant to the commission agreement.

42.    Although the commission agreement required payment of commissions based on a percentage of "gross net sales" generated by each plaintiff, none of the plaintiffs were ever given access to company records to determine the amount of "gross net sales" which they each generated, nor did any of the plaintiffs receive any statements of "gross net sales".

43.    The plaintiffs each left the employ of Pacific Direct on November 9, 2004 as the result of Pacific Direct's refusal to pay them the wages which they are owed.

44.    In addition to the wages which are due the plaintiffs from Pacific Direct, none of the plaintiffs were paid for the vacation time which they had each accrued but had not used at the time of their termination.

45.    On December 16, 2004, each of the plaintiffs filed a Non-Payment of Wage Complaint Form with the office of the Attorney General of the Commonwealth of Massachusetts. Ninety (90) days has expired since the filing of said Complaints with the Attorney General.

## COUNT I - PLAINTIFF, GREGORY WHITE V. PACIFIC DIRECT CORPORATION VIOLATION OF M.G.L. c. 149, § 148

46.    The plaintiff, White, restates each and every allegation contained in ¶s 1 - 45 as if set forth in their entirety herein.

47.    The defendant, Pacific Direct has violated M.G.L. c. 149, § 148 in failing to pay White the wages due him within six (6) days of the termination of the pay period in which the wages were earned.

-8-

48.     Defendant, Pacific Direct's actions in coercing White to sign the commission agreement renders the commission agreement void. White is thus entitled to receive his salary up to the date of his termination less monies paid to him by Pacific Direct during his employment.

49.     Pacific Direct promised White the same vacation time he had been receiving at his prior employment, *i.e.*, four (4) weeks per year. During his employment, White accrued a total of 28⅓ days of vacation and used a total of 11 days of vacation. White's daily salary was $484.62.

50.     Pacific Direct has failed to pay White the sum of $38,974.59 in wages, as follows:

| | |
|---|---|
| Unpaid wages from 10/1/03 - 3/31/04 | $23,716.59 |
| Wages owed from 8/15/04 - 11/9/04 | 29,009.62 |
| Unpaid accrued vacation | 8,398.38 |
| Subtotal | $61,124.59 |
| Less: money paid by Pacific Direct after 8/15/04 | 22,150.00 |
| | $38,974.59 |

51.     M.G.L. c. 149, § 150 provides, inter alia, for ". . . treble damages for any loss of wages or other benefits" plus an award of the costs of the litigation and reasonable attorney's fees.

        WHEREFORE, White demands judgment against the defendant, Pacific Direct in the sum of $116,923.77 plus the costs of litigation and such reasonable attorneys fees as this Court shall determine.

## COUNT II - PLAINTIFF, GREGORY WHITE V. DEFENDANT, BHUPINDER SINGH
## VIOLATION OF M.G.L. c. 149, § 148

52.     The plaintiff, White, restates each and every allegation contained in ¶s 1 - 45 as if set forth in their entirety herein.

53.     Pursuant to M.G.L. c. 149, § 148 and the cases decided pursuant thereto, corporate

-9-

officers are personally liable for the failure of the corporation of which they are an officer to comply with said statute.

WHEREFORE, White demands judgment against the defendant, Bhupinder Singh in the sum of $116,923.77 plus the costs of litigation and such reasonable attorney's fees as this Court shall determine.

## COUNT III - PLAINTIFF, HENRY MATTOS V. PACIFIC DIRECT CORPORATION VIOLATION OF M.G.L. c. 149, § 148

54.     The plaintiff, Mattos, restates each and every allegation contained in ¶s 1 - 45 as if set forth in their entirety herein.

55.     The defendant, Pacific Direct has violated M.G.L. c. 149, § 148 in failing to pay Mattos the wages due him within six (6) days of the termination of the pay period in which the wages were earned.

56.     Defendant, Pacific Direct's actions in coercing Mattos to sign the commission agreement renders the commission agreement void. Mattos is thus entitled to receive his salary up to the date of his termination less monies paid to him by Pacific Direct during his employment.

57.     Pacific Direct promised Mattos the same vacation time he had been receiving at his prior employment, *i.e.*, four (4) weeks per year. During his employment, Mattos accrued a total of 28⅓ days of vacation and used a total of 7 days of vacation. Mattos' daily salary was $423.08.

58.     Pacific Direct has failed to pay Mattos the sum of $46,471.72 in wages, as follows:

|  |  |
|---|---|
| Unpaid wages from 10/1/03 - 3/31/04 | $26,285.88 |
| Wages owed from 8/15/04 - 11/9/04 | 25,388.31 |
| Unpaid accrued vacation | 10,695.96 |
| Subtotal | $62,370.15 |

-10-

Less: money paid by Pacific Direct
after 8/15/04                                        15,898.43
                                                    $46,471.72

59.    M.G.L. c. 149, § 150 provides, inter alia, for ". . . treble damages for any loss of wages or

other benefits" plus an award of the costs of the litigation and reasonable attorney's fees.

    WHEREFORE, Mattos demands judgment against the defendant, Pacific Direct in the

sum of $139,415.16 plus the costs of litigation and such reasonable attorneys fees as this Court

shall determine.

## COUNT IV - PLAINTIFF, HENRY MATTOS V. DEFENDANT, BHUPINDER SINGH VIOLATION OF M.G.L. c. 149, § 148

60.    The plaintiff, Mattos, restates each and every allegation contained in ¶s 1 - 45 and ¶s 54 -

59 as if set forth in their entirety herein.

61.    Pursuant to M.G.L. c. 149, § 148 and the cases decided pursuant thereto, corporate

officers are personally liable for the failure of the corporation of which they are an officer to

comply with said statute.

    WHEREFORE, Mattos demands judgment against the defendant, Bhupinder Singh in the

sum of $139,415.16 plus the costs of litigation and such reasonable attorney's fees as this Court

shall determine.

## COUNT V - PLAINTIFF, GREGORY CRANE V. PACIFIC DIRECT CORPORATION VIOLATION OF M.G.L. c. 149, § 148

62.    The plaintiff, Crane, restates each and every allegation contained in ¶s 1 - 45 as if set forth

in their entirety herein.

63.    The defendant, Pacific Direct has violated M.G.L. c. 149, § 148 in failing to pay Crane the

wages due him within six (6) days of the termination of the pay period in which the wages were

-11-

earned.

64.     Defendant, Pacific Direct's actions in coercing Crane to sign the commission agreement

renders the commission agreement void.  Crane is thus entitled to receive his salary up to the date

of his termination less monies paid to him by Pacific Direct during his employment.

65.     Pacific Direct promised Crane the same vacation time he had been receiving at his prior

employment, *i.e.*, three (3) weeks per year.  During his employment, Crane accrued a total of 22½

days of vacation and used a total of 4 days of vacation.  Crane's daily salary was $423.08.

66.     Pacific Direct has failed to pay Crane the sum of $37,037.53 in wages, as follows:

| | |
|---|---|
| Unpaid wages from 10/1/03 - 3/31/04 | $20,852.32 |
| Wages owed from 8/15/04 - 11/9/04 | 25,388.31 |
| Unpaid accrued vacation | 7,826.92 |
| Subtotal | $54,067.55 |
| Less: money paid by Pacific Direct after 8/15/04 | 17,030.02 |
| | $37,037.53 |

67.     M.G.L. c. 149, § 150 provides, inter alia, for ". . . treble damages for any loss of wages or

other benefits" plus an award of the costs of the litigation and reasonable attorney's fees.

        WHEREFORE, Crane demands judgment against the defendant, Pacific Direct in the sum

of $111,112.59 plus the costs of litigation and such reasonable attorneys fees as this Court shall

determine.

## COUNT VI - PLAINTIFF, GREGORY CRANE V. DEFENDANT, BHUPINDER SINGH VIOLATION OF M.G.L. c. 149, § 148

68.     The plaintiff, Crane, restates each and every allegation contained in ¶s 1 - 45 and ¶s 62 -

66 as if set forth in their entirety herein.

-12-

69.     Pursuant to M.G.L. c. 149, § 148 and the cases decided pursuant thereto, corporate officers are personally liable for the failure of the corporation of which they are an officer to comply with said statute.

WHEREFORE, Crane demands judgment against the defendant, Bhupinder Singh in the sum of $111,112.59 plus the costs of litigation and such reasonable attorney's fees as this Court shall determine.

## COUNT VII - HENRY MATTOS V. PACIFIC DIRECT CORPORATION
### BREACH OF CONTRACT

70.     The plaintiff, Mattos, restates each and every allegation contained in ¶s 1 - 45 as if set forth in their entirety herein.

71.     While employed by Pacific Direct, Mattos incurred expenses in the sum of $3,137.60 related to his employment for which Pacific Direct was to reimburse him.

72.     Despite repeated demands for payment, Pacific Direct has refused to pay Mattos for the business-related expenses that he incurred.

WHEREFORE, plaintiff, Mattos, demands judgment against the defendant, Pacific Direct in the sum of $3,137.60 plus interest and costs.

## COUNT VIII - GREGORY WHITE V. PACIFIC DIRECT CORPORATION
### FRAUD IN THE INDUCEMENT

73.     The plaintiff, White, restates each and every allegation contained in ¶s 1 - 45 as if set forth in their entirety herein.

74.     The defendant, Pacific Direct, falsely and fraudulently stated and represented to White the number of trucks owned by Pacific Direct and the intention of Pacific Direct in expanding its fleet of trucks.

-13-

75.    When the statements and representations were made, they were known by Pacific Direct to be false and were made with the intent to deceive White and to induce him to leave his employment for the job offer of Pacific Direct.

76.    White reasonably believed the fraudulent statements of Pacific Direct to be true and relied upon such statements. But for the fraudulent statements of Pacific Direct, White would not have left his prior employment as a transportation broker merely to accept another position as a transportation broker.

WHEREFORE, plaintiff, White demands judgment against the defendant, Pacific Direct in such amount as may be proved at trial.

## COUNT IX - HENRY MATTOS V. PACIFIC DIRECT CORPORATION
## FRAUD IN THE INDUCEMENT

77.    The plaintiff, Mattos, restates each and every allegation contained in ¶s 1 - 45 as if set forth in their entirety herein.

78.    The defendant, Pacific Direct, falsely and fraudulently stated and represented to Mattos the number of trucks owned by Pacific Direct and the intention of Pacific Direct in expanding its fleet of trucks.

79.    When the statements and representations were made, they were known by Pacific Direct to be false and were made with the intent to deceive Mattos and to induce him to leave his employment for the job offer of Pacific Direct.

80.    Mattos reasonably believed the fraudulent statements of Pacific Direct to be true and relied upon such statements. But for the fraudulent statements of Pacific Direct, Mattos would not have left his prior employment as a transportation broker merely to accept another position as

a transportation broker.

WHEREFORE, plaintiff, Mattos demands judgment against the defendant, Pacific Direct in such amount as may be proved at trial.

## COUNT X - GREGORY CRANE V. PACIFIC DIRECT CORPORATION
## FRAUD IN THE INDUCEMENT

81.    The plaintiff, Crane, restates each and every allegation contained in ¶s 1 - 45 as if set forth in their entirety herein.

82.    The defendant, Pacific Direct, falsely and fraudulently stated and represented to Crane the number of trucks owned by Pacific Direct and the intention of Pacific Direct in expanding its fleet of trucks.

83.    When the statements and representations were made, they were known by Pacific Direct to be false and were made with the intent to deceive Crane and to induce him to leave his employment for the job offer of Pacific Direct.

84.    Crane reasonably believed the fraudulent statements of Pacific Direct to be true and relied upon such statements. But for the fraudulent statements of Pacific Direct, Crane would not have left his prior employment as a transportation broker merely to accept another position as a transportation broker.

WHEREFORE, plaintiff, Crane demands judgment against the defendant, Pacific Direct in such amount as may be proved at trial.

## COUNT XI - GREGORY WHITE V. PACIFIC DIRECT CORPORATION
## FRAUD

85.    The plaintiff, White, restates each and every allegation contained in ¶s 1 - 45.

86.    The defendant, Pacific Direct, falsely and fraudulently issued pay stubs to White wherein it

-15-

was represented that Pacific Direct had withheld monies on account of taxes and paid said monies to the proper taxing authorities on plaintiff's account.

87.    In addition, after November 17, 2003 defendant, Pacific Direct no longer provided plaintiff with any pay stubs but fraudulently led the plaintiff to believe that taxes were still being paid on plaintiff's behalf by the defendant, Pacific Direct.

88.    Defendant, Pacific Direct's actions were performed with the knowledge by Pacific Direct that they were false and were performed with the intent to deceive White.

89.    White reasonably believed the fraudulent actions of Pacific Direct to be true and relied upon said actions.

WHEREFORE, plaintiff, White demands judgment against the defendant, Pacific Direct, in such amounts as may be proved at trial on account of said fraudulent actions.

## COUNT XII - HENRY MATTOS V. PACIFIC DIRECT CORPORATION
## FRAUD

90.    The plaintiff, Mattos, restates each and every allegation contained in ¶s 1 - 45.

91.    The defendant, Pacific Direct, falsely and fraudulently issued pay stubs to Mattos wherein it was represented that Pacific Direct had withheld monies on account of taxes and paid said monies to the proper taxing authorities on plaintiff's account.

92.    In addition, after November 17, 2003 defendant, Pacific Direct no longer provided plaintiff with any pay stubs but fraudulently led the plaintiff to believe that taxes were still being paid on plaintiff's behalf by the defendant, Pacific Direct.

93.    Defendant, Pacific Direct's actions were performed with the knowledge by Pacific Direct that they were false and were performed with the intent to deceive Mattos.

-16-

94.     Mattos reasonably believed the fraudulent actions of Pacific Direct to be true and relied upon said actions.

WHEREFORE, plaintiff, Mattos demands judgment against the defendant, Pacific Direct, in such amounts as may be proved at trial on account of said fraudulent actions

## COUNT XIII - GREGORY CRANE V. PACIFIC DIRECT CORPORATION
## FRAUD

95.     The plaintiff, Crane, restates each and every allegation contained in ¶s 1 - 45.

96.     The defendant, Pacific Direct, falsely and fraudulently issued pay stubs to Crane wherein it was represented that Pacific Direct had withheld monies on account of taxes and paid said monies to the proper taxing authorities on plaintiff's account.

97.     In addition, after November 17, 2003 defendant, Pacific Direct no longer provided plaintiff with any pay stubs but fraudulently led the plaintiff to believe that taxes were still being paid on plaintiff's behalf by the defendant, Pacific Direct.

98.     Defendant, Pacific Direct's actions were performed with the knowledge by Pacific Direct that they were false and were performed with the intent to deceive Crane.

99.     Crane reasonably believed the fraudulent actions of Pacific Direct to be true and relied upon said actions.

WHEREFORE, plaintiff, Crane demands judgment against the defendant, Pacific Direct, in such amounts as may be proved at trial on account of said fraudulent actions.

## COUNT XIV - PLAINTIFFS GREGORY WHITE, HENRY MATTOS AND
## GREGORY CRANE V. COMMUNITY-SUFFOLK, INC.
## REACH AND APPLY

100.    The plaintiffs, White, Mattos and Crane, restate each and every allegation contained in ¶s

-17-

1 - 51, 54 - 59 and 62 - 67 as if set forth in their entirety herein.

101.    Upon information and belief, Community-Suffolk utilizes the transportation services of the defendant, Pacific Direct, payment for which is due by Community-Suffolk to Pacific Direct.

102.    Upon information and belief, Pacific Direct has no other property that can be attached but for the accounts receivable due from Community-Suffolk and other customers.

103.    If Community-Suffolk pays the monies it owes to Pacific Direct, it will be beyond the reach of the plaintiffs and thus the plaintiffs will suffer irreparable harm.

WHEREFORE, the plaintiffs demand:

1.    That the Reach and Apply defendant, Community-Suffolk, Inc. be temporarily restrained from paying, transferring or assigning, any monies to defendant, Pacific Direct Corp. up to the amount of $425,000.00.

2.    That upon a hearing, that the Reach and Apply defendant, Community-Suffolk, Inc. be restrained and enjoined from paying, transferring or assigning any monies to defendant, Pacific Direct Corp. up to the amount of $425,000.00.

3.    That upon a determination of the amount owed by the defendant, Pacific Direct Corp. to the plaintiffs, that the Reach and Apply defendant be ordered to pay over to the plaintiffs such amounts as the Court shall determine.

4.    And for such other relief as this Court deems just.

## COUNT XV - PLAINTIFFS GREGORY WHITE, HENRY MATTOS AND GREGORY CRANE V. 4-M FRUIT DISTRIBUTORS, INC. REACH AND APPLY

104.    The plaintiffs, White, Mattos and Crane, restate each and every allegation contained in ¶s 1 - 51, 54 - 59 and 62 - 67 as if set forth in their entirety herein.

-18-

105.    Upon information and belief, 4-M Fruit Distributors utilizes the transportation services of the defendant, Pacific Direct, payment for which is due by 4-M Fruit Distributors to Pacific Direct.

106.    Upon information and belief, Pacific Direct has no other property that can be attached but for the accounts receivable due from 4-M Fruit Distributors and other customers.

107.    If 4-M Fruit Distributors pays the monies it owes to Pacific Direct, it will be beyond the reach of the plaintiffs and thus the plaintiffs will suffer irreparable harm.

        WHEREFORE, the plaintiffs demand:

        1.    That the Reach and Apply defendant, 4-M Fruit Distributors, Inc. be temporarily restrained from paying, transferring or assigning, any monies to defendant, Pacific Direct Corp. up to the amount of $400,000.00.

        2.    That upon a hearing, that the Reach and Apply defendant, 4-M Fruit Distributors, Inc. be restrained and enjoined from paying, transferring or assigning any monies to defendant, Pacific Direct Corp. up to the amount of $400,000.00.

        3.    That upon a determination of the amount owed by the defendant, Pacific Direct Corp. to the plaintiffs, that the Reach and Apply defendant be ordered to pay over to the plaintiffs such amounts as the Court shall determine.

        4.    And for such other relief as this Court deems just.

### COUNT XVI - PLAINTIFFS GREGORY WHITE, HENRY MATTOS AND GREGORY CRANE V. COAST TO COAST PRODUCE, LLC
### REACH AND APPLY

108.    The plaintiffs, White, Mattos and Crane, restate each and every allegation contained in ¶s 1 - 51, 54 - 59 and 62 - 67 as if set forth in their entirety herein.

-19-

109.   Upon information and belief, Coast to Coast Produce utilizes the transportation services of the defendant, Pacific Direct, payment for which is due by Coast to Coast Produce to Pacific Direct.

110.   Upon information and belief, Pacific Direct has no other property that can be attached but for the accounts receivable due from Coast to Coast Produce and other customers.

111.   If Coast to Coast Produce pays the monies it owes to Pacific Direct, it will be beyond the reach of the plaintiffs and thus the plaintiffs will suffer irreparable harm.

WHEREFORE, the plaintiffs demand:

1.     That the Reach and Apply defendant, Coast to Coast Produce, LLC be temporarily restrained from paying, transferring or assigning, any monies to defendant, Pacific Direct Corp. up to the amount of $400,000.00.

2.     That upon a hearing, that the Reach and Apply defendant, Coast to Coast Produce, LLC be restrained and enjoined from paying, transferring or assigning any monies to defendant, Pacific Direct Corp. up to the amount of $400,000.00.

3.     That upon a determination of the amount owed by the defendant, Pacific Direct Corp. to the plaintiffs, that the Reach and Apply defendant be ordered to pay over to the plaintiffs such amounts as the Court shall determine.

4.     And for such other relief as this Court deems just.

## COUNT XVII - PLAINTIFFS GREGORY WHITE, HENRY MATTOS AND GREGORY CRANE V. THE ALPHAS COMPANY, INC.
### REACH AND APPLY

112.   The plaintiffs, White, Mattos and Crane, restate each and every allegation contained in ¶s 1 - 51, 54 - 59 and 62 - 67 as if set forth in their entirety herein.

-20-

113.    Upon information and belief, The Alphas Company utilizes the transportation services of the defendant, Pacific Direct, payment for which is due by The Alphas Company to Pacific Direct.

114.    Upon information and belief, Pacific Direct has no other property that can be attached but for the accounts receivable due from The Alphas Company and other customers.

115.    If The Alphas Company pays the monies it owes to Pacific Direct, it will be beyond the reach of the plaintiffs and thus the plaintiffs will suffer irreparable harm.

WHEREFORE, the plaintiffs demand:

1.    That the Reach and Apply defendant, The Alphas Company, Inc. be temporarily restrained from paying, transferring or assigning, any monies to defendant, Pacific Direct Corp. up to the amount of $400,000.00.

2.    That upon a hearing, that the Reach and Apply defendant, The Alphas Company, Inc. be restrained and enjoined from paying, transferring or assigning any monies to defendant, Pacific Direct Corp. up to the amount of $400,000.00.

3.    That upon a determination of the amount owed by the defendant, Pacific Direct Corp. to the plaintiffs, that the Reach and Apply defendant be ordered to pay over to the plaintiffs such amounts as the Court shall determine.

4.    And for such other relief as this Court deems just.

## COUNT XVIII - PLAINTIFFS GREGORY WHITE, HENRY MATTOS AND GREGORY CRANE V. PETER CONDAKES COMPANY, INC. REACH AND APPLY

116.    The plaintiffs, White, Mattos and Crane, restate each and every allegation contained in ¶s 1 - 51, 54 - 59 and 62 - 67 as if set forth in their entirety herein.

117.    Upon information and belief, Peter Condakes Company, Inc. utilizes the transportation

services of the defendant, Pacific Direct, payment for which is due by Peter Condakes Company, Inc. to Pacific Direct.

118.    Upon information and belief, Pacific Direct has no other property that can be attached but for the accounts receivable due from Peter Condakes Company, Inc. and other customers.

119.    If Peter Condakes Company, Inc. pays the monies it owes to Pacific Direct, it will be beyond the reach of the plaintiffs and thus the plaintiffs will suffer irreparable harm.

WHEREFORE, the plaintiffs demand:

1.    That the Reach and Apply defendant, Peter Condakes Company, Inc. be temporarily restrained from paying, transferring or assigning, any monies to defendant, Pacific Direct Corp. up to the amount of $400,000.00.

2.    That upon a hearing, that the Reach and Apply defendant, Peter Condakes Company, Inc. be restrained and enjoined from paying, transferring or assigning any monies to defendant, Pacific Direct Corp. up to the amount of $400,000.00.

3.    That upon a determination of the amount owed by the defendant, Pacific Direct Corp. to the plaintiffs, that the Reach and Apply defendant be ordered to pay over to the plaintiffs such amounts as the Court shall determine.

4.    And for such other relief as this Court deems just.

## COUNT XIX - PLAINTIFFS GREGORY WHITE, HENRY MATTOS AND GREGORY CRANE V. SHAW'S SUPERMARKET, INC. REACH AND APPLY

120.    The plaintiffs, White, Mattos and Crane, restate each and every allegation contained in ¶s 1 - 51, 54 - 59 and 62 - 67 as if set forth in their entirety herein.

121.    Upon information and belief, Shaw's Supermarkets, Inc. utilizes the transportation

services of the defendant, Pacific Direct, payment for which is due by Shaw's Supermarkets, Inc. to Pacific Direct.

122.    Upon information and belief, Pacific Direct has no other property that can be attached but for the accounts receivable due from Shaw's Supermarkets, Inc. and other customers.

123.    If Shaw's Supermarkets, Inc. pays the monies it owes to Pacific Direct, it will be beyond the reach of the plaintiffs and thus the plaintiffs will suffer irreparable harm.

WHEREFORE, the plaintiffs demand:

1.      That the Reach and Apply defendant, Shaw's Supermarkets, Inc. be temporarily restrained from paying, transferring or assigning, any monies to defendant, Pacific Direct Corp. up to the amount of $400,000.00.

2.      That upon a hearing, that the Reach and Apply defendant, Shaw's Supermarkets, Inc. be restrained and enjoined from paying, transferring or assigning any monies to defendant, Pacific Direct Corp. up to the amount of $400,000.00.

3.      That upon a determination of the amount owed by the defendant, Pacific Direct Corp. to the plaintiffs, that the Reach and Apply defendant be ordered to pay over to the plaintiffs such amounts as the Court shall determine.

4.      And for such other relief as this Court deems just.

## COUNT XX - PLAINTIFFS GREGORY WHITE, HENRY MATTOS AND GREGORY CRANE V. TOP NOTCH TRUCK BROKERAGE REACH AND APPLY

124.    The plaintiffs, White, Mattos and Crane, restate each and every allegation contained in ¶s 1 - 51, 54 - 59 and 62 - 67 as if set forth in their entirety herein.

125.    Upon information and belief, Top Notch Truck Brokerage utilizes the transportation

services of the defendant, Pacific Direct, payment for which is due by Kanzaki Specialty Paper to Pacific Direct.

130.    Upon information and belief, Pacific Direct has no other property that can be attached but for the accounts receivable due from Kanzaki Specialty Paper and other customers.

131.    If Kanzaki Specialty Paper pays the monies it owes to Pacific Direct, it will be beyond the reach of the plaintiffs and thus the plaintiffs will suffer irreparable harm.

WHEREFORE, the plaintiffs demand:

1.    That the Reach and Apply defendant, Kanzaki Specialty Paper be temporarily restrained from paying, transferring or assigning, any monies to defendant, Pacific Direct Corp. up to the amount of $400,000.00.

2.    That upon a hearing, that the Reach and Apply defendant, Kanzaki Specialty Paper be restrained and enjoined from paying, transferring or assigning any monies to defendant, Pacific Direct Corp. up to the amount of $400,000.00.

3.    That upon a determination of the amount owed by the defendant, Pacific Direct Corp. to the plaintiffs, that the Reach and Apply defendant be ordered to pay over to the plaintiffs such amounts as the Court shall determine.

4.    And for such other relief as this Court deems just.

DATE:                               PLAINTIFFS, GREGORY WHITE, HENRY
                                    MATTOS and GREGORY CRANE,
                                    By their attorneys,


                                    _____
                                    Mark D. Engel, Esq.; BBO# 154440
                                    Stephen Schultz, Esq.; BBO# 447680
                                    Engel & Schultz, LLP
                                    125 High Street, Suite 2601
                                    Boston, Massachusetts 02110
                                    (617) 951-9980 (telephone)


## VERIFICATION

Gregory White, Henry Mattos and Gregory Crane, having been duly sworn, each for himself states that he is one of the plaintiffs in the above action; that the foregoing complaint is true to his own knowledge, except as to those matters therein alleged upon information and belief, and as to those matters he believes it to be true.

_____
GREGORY WHITE

_____
HENRY MATTOS

_____
GREGORY CRANE

MIDDLESEX, ss.    **Commonwealth of Massachusetts**
                 SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this twelfth day of April, 2005.

_____      _____
Deputy                               Assistant Clerk

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
CIVIL NO. MICV-2005-01077

```
                                    )
GREGORY WHITE, HENRY MATTOS          )
and GREGORY CRANE,                   )
               Plaintiffs.           )
                                     )
     -vs-                            )
                                     )
PACIFIC DIRECT CORPORATION           )
and BHUPINDER SINGH,                 )
               Defendants.           )
                                     )
     -vs-                            )
                                     )
COMMUNITY-SUFFOLK, INC.;             )
4-M FRUIT DISTRIBUTORS, INC.;        )
COAST TO COAST PRODUCE, LLC;         )
THE ALPHAS GROUP, INC.;              )
PETER CONDAKES COMPANY, INC.;        )
SHAW'S SUPERMARKETS, INC.;           )
TOP NOTCH TRUCK BROKERAGE and        )
KANZAKI SPECIALTY PAPER,             )
               Reach and Apply Defendants. )
                                    )
```

[stamp: CLERK OF THE COURTS FOR THE COUNTY OF MIDDLESEX APR 0 0 2005 CLERK]

## PLAINTIFFS EX PARTE MOTION FOR
## TEMPORARY RESTRAINING ORDER

Plaintiffs, Gregory White, Henry Mattos and Gregory Crane hereby move pursuant to

Mass. R. Civ. P. 65(a) for temporary restraining orders and/or preliminary injunctions to issue

against the following Reach and Apply Defendants: Peter Condakes Company, Inc., Shaw's

Supermarkets, Inc., Top Notch Truck Brokerage and Kanzaki Specialty Paper in the amount of

$400,000.00 on goods, effects or credits, including monies, that are due the Defendant, Pacific

Direct, Inc. by each of said Reach and Apply Defendants, as prayed for in Counts 18, 19, 20 and

-1-

21 of Plaintiffs' Verified Amended Complaint.

For the reasons set forth in the accompanying Memorandum in Support of Plaintiffs' Ex Parte Motion for Temporary Restraining Order and Plaintiffs' Verified Amended Complaint, there is a reasonable likelihood that Plaintiffs will recover judgment, including interest and costs, in an amount equal to or greater than the amount sought of $400,000.00. The Plaintiffs know of no insurance policy available to the Defendants to cover Defendant's liability hereunder nor do they reasonably know such insurance policy to exist.

A significant risk exists that, if given advance notice of this Motion, Defendants will withdraw, remove or attempt to conceal the assets held by the Reach and Apply Defendants.

No bond is required pursuant to M.G.L. c. 246, § 1 as Plaintiffs action is a claim for personal services.

DATE: April 7, 2005

PLAINTIFFS, GREGORY WHITE, HENRY MATTOS and GREGORY CRANE,
By their attorneys,

Mark D. Engel, Esq.; BBO# 154440
Stephen Schultz, Esq.; BBO# 447680
Engel & Schultz, LLP
125 High Street, Suite 2601
Boston, Massachusetts 02110
(617) 951-9980 (telephone)

---

MIDDLESEX, ss.    **Commonwealth of Massachusetts**

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this twelfth day of April, 2005.

Deputy          Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPT.
CIVIL ACTION NO. 2005-1077-D

GREGORY WHITE, et al.   )
           )
  Plaintiffs     )
           )
  v.        )
           )
PACIFIC DIRECT CORP.  )
  et al.       )
           )
  Defendants.    )
           )
  vv.       )
           )
COMMUNITY –SUFFOLK, INC. )
4-M FRUIT DISTRIBUTORS, INC. )
COAST TO COAST PRODUCE,  )
LLC; and THE ALPHAS GROUP, )
INC.         )
  Reach and Apply Defendants )

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
APR 0 8 2005

## ANSWER OF REACH AND APPLY DEFENDANT
## THE ALPHAS GROUP, INC. (sic) TO VERIFIED COMPLAINT

1-5.  The Alphas Company, Inc. is without information sufficient to form a belief as to the truths of the allegations of these paragraphs, and they are therefore denied.

6-7.  The allegations of these paragraphs are directed to a party other than The Alphas Company, Inc., and no answers are therefore required.

8-10.  The Alphas Company, Inc. is without information sufficient to form a belief as to the truths of the allegations of these paragraphs, and they are therefore denied.

11.      The Alphas Company, Inc. denies that it is a customer of Pacific Direct Corporation. The remaining allegations of this paragraph are admitted.

12-41.   The Alphas Company, Inc. is without information sufficient to form a belief as to the truths of the allegations of these paragraphs, and they are therefore denied.

## COUNT I

42.      The Alphas Company, Inc. repeats and incorporates all of the responses made to paragraphs 1 through 41 above as though fully restated herein.

43-47.   The Alphas Company, Inc. is without information sufficient to form a belief as to the truths of the allegations of these paragraphs, and they are therefore denied.

WHEREFORE, The Alphas Company, Inc. requests judgment in its favor, and against Plaintiff, together with costs of this action.

## COUNT II

48.      The Alphas Company, Inc. repeats and incorporates all of the responses made to paragraphs 1 through 47 above as though fully restated herein.

49.      The Alphas Company, Inc. is without information sufficient to form a belief as to the truths of the allegations of these paragraphs, and they are therefore denied.

WHEREFORE, The Alphas Company, Inc. requests judgment in its favor, and against Plaintiff, together with costs of this action.

## COUNT III

50.     The Alphas Company, Inc. repeats and incorporates all of the responses made to paragraphs 1 through 41 above as though fully restated herein.

51-54.  The Alphas Company, Inc. is without information sufficient to form a belief as to the truths of the allegations of these paragraphs, and they are therefore denied.

55.     This paragraph states conclusion of law, to which no response is required.

WHEREFORE, The Alphas Company, Inc. requests judgment in its favor, and against Plaintiff, together with costs of this action.

## COUNT IV

56.     The Alphas Company, Inc. repeats and incorporates all of the responses made to paragraphs 1 through 41 and paragraphs 50 through 55 above as though fully restated herein.

57.     This paragraph states conclusion of law, to which no response is required.

WHEREFORE, The Alphas Company, Inc. requests judgment in its favor, and against Plaintiff, together with costs of this action.

## COUNT V

58.     The Alphas Company, Inc. repeats and incorporates all of the responses made to paragraphs 1 through 41 above as though fully restated herein.

59-62.  The Alphas Company, Inc. is without information sufficient to form a belief as to the truths of the allegations of these paragraphs, and they are therefore denied.

3

63.     This paragraph states conclusion of law, to which no response is required.

WHEREFORE, The Alphas Company, Inc. requests judgment in its favor, and against Plaintiff, together with costs of this action.

## COUNT VI

64.     The Alphas Company, Inc. repeats and incorporates all of the responses made to paragraphs 1 through 41and paragraphs 58 through 63 above as though fully restated herein.

65.     This paragraph states conclusion of law, to which no response is required.

WHEREFORE, The Alphas Company, Inc. requests judgment in its favor, and against Plaintiff, together with costs of this action.

## COUNT VII

66.     The Alphas Company, Inc. repeats and incorporates all of the responses made to paragraphs 1 through 41 above as though fully restated herein.

67-68.     The Alphas Company, Inc. is without information sufficient to form a belief as to the truths of the allegations of these paragraphs, and they are therefore denied.

WHEREFORE, The Alphas Company, Inc. requests judgment in its favor, and against Plaintiff, together with costs of this action.

## COUNT VIII

69.     The Alphas Company, Inc. repeats and incorporates all of the responses made to paragraphs 1 through 41 above as though fully restated herein.

70-72.  The Alphas Company, Inc. is without information sufficient to form a belief as to the truths of the allegations of these paragraphs, and they are therefore denied.

WHEREFORE, The Alphas Company, Inc. requests judgment in its favor, and against Plaintiff, together with costs of this action.

## COUNT IX

73.     The Alphas Company, Inc. repeats and incorporates all of the responses made to paragraphs 1 through 41 above as though fully restated herein.

74-76.  The Alphas Company, Inc. is without information sufficient to form a belief as to the truths of the allegations of these paragraphs, and they are therefore denied.

WHEREFORE, The Alphas Company, Inc. requests judgment in its favor, and against Plaintiff, together with costs of this action.

## COUNT X

77.     The Alphas Company, Inc. repeats and incorporates all of the responses made to paragraphs 1 through 41 above as though fully restated herein.

78-80.  The Alphas Company, Inc. is without information sufficient to form a belief as to the truths of the allegations of these paragraphs, and they are therefore denied.

5

WHEREFORE, The Alphas Company, Inc. requests judgment in its favor, and against Plaintiff, together with costs of this action.

## COUNT XI

81.     The Alphas Company, Inc. repeats and incorporates all of the responses made to paragraphs 1 through 41 above as though fully restated herein.

82-85.  The Alphas Company, Inc. is without information sufficient to form a belief as to the truths of the allegations of these paragraphs, and they are therefore denied.

WHEREFORE, The Alphas Company, Inc. requests judgment in its favor, and against Plaintiff, together with costs of this action.

## COUNT XII

86.     The Alphas Company, Inc. repeats and incorporates all of the responses made to paragraphs 1 through 41 above as though fully restated herein.

87-90.  The Alphas Company, Inc. is without information sufficient to form a belief as to the truths of the allegations of these paragraphs, and they are therefore denied.

WHEREFORE, The Alphas Company, Inc. requests judgment in its favor, and against Plaintiff, together with costs of this action.

## COUNT XIII

91.     The Alphas Company, Inc. repeats and incorporates all of the responses made to paragraphs 1 through 41 above as though fully restated herein.

92-95.    The Alphas Company, Inc. is without information sufficient to form a belief as to the truths of the allegations of these paragraphs, and they are therefore denied.

WHEREFORE, The Alphas Company, Inc. requests judgment in its favor, and against Plaintiff, together with costs of this action.

## COUNT XIV

96.    The Alphas Company, Inc. repeats and incorporates all of the responses made to paragraphs 1 through 47, 51 through 55, and 59 through 63 above as though fully restated herein.

97-99.    The Alphas Company, Inc. is without information sufficient to form a belief as to the truths of the allegations of these paragraphs, and they are therefore denied.

WHEREFORE, The Alphas Company, Inc. requests judgment in its favor, and against Plaintiff, together with costs of this action.

## COUNT XV

100.    The Alphas Company, Inc. repeats and incorporates all of the responses made to paragraphs 1 through 47, 51 through 55, and 59 through 63 above as though fully restated herein.

101-103.    The Alphas Company, Inc. is without information sufficient to form a belief as to the truths of the allegations of these paragraphs, and they are therefore denied.

WHEREFORE, The Alphas Company, Inc. requests judgment in its favor, and against Plaintiff, together with costs of this action.

## COUNT XVI

104.    The Alphas Company, Inc. repeats and incorporates all of the responses made to paragraphs 1 through 47, 51 through 55, and 59 through 63 above as though fully restated herein.

105-107.    The Alphas Company, Inc. is without information sufficient to form a belief as to the truths of the allegations of these paragraphs, and they are therefore denied.

WHEREFORE, The Alphas Company, Inc. requests judgment in its favor, and against Plaintiff, together with costs of this action.

## COUNT XVII

108.    The Alphas Company, Inc. repeats and incorporates all of the responses made to paragraphs 1 through 47, 51 through 55, and 59 through 63 above as though fully restated herein.

109.    The Alphas Company denies that it utilizes the transportation services of Pacific Direct. The Alphas Company denies that it owes Pacific Direct any money for any services which Pacific Direct provided to The Alphas Company.

110.    The Alphas Company denies that there is any account receivable due from The Alphas Company to Pacific Direct. The Alphas Company is without information sufficient to form a belief as to the truth of the other allegations of this paragraph, and they are therefore denied.

111.    The Alphas Company, Inc. denies it owes any money to Pacific Direct. The Alphas Company, Inc. is without information sufficient to form a belief as to the truth of the allegations of this paragraph, and they are therefore denied.

WHEREFORE, The Alphas Company, prays that:

1.    No injunction enter against it, whether for temporary restraining order or preliminary injunction, because it does not owe any monies to Pacific Direct;

2.    That no order enter against The Alphas Company, directing it to pay any money over to plaintiffs, because The Alphas Company does not owe any debt to Pacific Direct.

3.    Such other relief as this Court deems fair and just for costs of this action.

Respectfully submitted
The Alphas Company, Inc.
By its attorneys

Scott L. Machanic   BBO # 311120
Cunningham, Machanic, Cetlin,
Johnson & Harney, LLP
220 N. Main Street
Natick, MA 01760
TEL: (508) 651-7524
FAX: (508) 653-0119

MIDDLESEX, ss.    **Commonwealth of Massachusetts**

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this thirteenth day of April, 2005.

_____
Deputy         Assistant Clerk

236263

I hereby certify that a true copy of the above document was served on (each party appearing pro se and the attorney of record for each (other) party by mail (by hand) on 4/7/05.

Signed:

9

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                         SUPERIOR COURT DEPT.
                                       CIVIL ACTION NO. 2005-1077-D

GREGORY WHITE, et al.            )
                                 )
        Plaintiffs               )
                                 )
        v.                       )
                                 )
PACIFIC DIRECT CORP.             )
        et al.                   )
                                 )
        Defendants.              )
                                 )
        vv.                      )
                                 )
COMMUNITY –SUFFOLK, INC.         )
4-M FRUIT DISTRIBUTORS, INC.     )
COAST TO COAST PRODUCE,          )
LLC; and THE ALPHAS GROUP,       )
INC.                             )
        Reach and Apply Defendants )

AFFIDAVIT OF PETER ALPHAS

Now comes Peter Alphas and deposes as follows:

1.  I am the Treasurer of The Alphas Company, Inc. I make the statements

    contained in this affidavit based on my personal knowledge.

2.  There is no legal entity called "The Alphas Group, Inc."

3.  There is a New York corporation, called "The Alphas Company of New York,

    Inc." of which I am also an officer.

4.  Contrary to the allegations contained in Paragraph 109 of the Complaint in

    this matter, The Alphas Company does not utilize the services of Pacific

    Direct, nor have we used their services for some time.

5. We owe no money to Pacific Direct, nor do we expect that we will owe them

any money in the foreseeable future.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 6TH DAY OF
APRIL, 2005.

_____
Peter S. Alphas

236180

---

| MIDDLESEX, ss. | **Commonwealth of Massachusetts** |
| --- | --- |

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file
and of record made by photographic process, I hereunto
set my hand and affix the seal of said Superior Court
this thirteenth day of April, 2005.

_____
Deputy        Assistant Clerk

I hereby certify that a true copy of the
above document was served upon
(each party appearing pro se and) the
attorney of record for each (other) party
by mail (by hand) on 4/7/05.

Signed:

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No. 2005 - 1077

MIDDLESEX. ss.

Henry, Plaintiff

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

*/2*

CIVIL DOCKET# **MICV2005-01077**

Gregory White, Henry Mattos, Gregory Crane,  Plaintiff(s)

vs.

Pacific Direct Corporation and Bhupinder Singh, Defendant(s)

vs.

Community-Suffolk, Inc.; 4-M Fruit Distributors, Inc.; Coast to Coast Produce, LLC; The Alphas Group, Inc.; Peter Condakes Company, Inc.;;; Shaw's Supermarkets, Inc.; Top Notch Truck Brokerage and Kanzaki Specialty Paper, Reach and Apply Defendant(s)

### SUMMONS AND RESTRAINING ORDER

To the above named Defendant(s):

You are hereby summoned and required to serve upon, plaintiff's attorney,

**Mark D Engel, Esquire of  Engel & Schultz**

**125 High Street High Steet Tower Suite 2601,**

**Boston, MA 02110**, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

You are also required to file your answer to the complaint in the office of Clerk of this Court at Cambridge either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application has been made in said action, as appears in the complaint, for a preliminary injunction.

And that a hearing upon such application will be held at the court house at said **Cambridge**, in said county, on **04/20/2005** A.D. at **02:00 PM**, in **Rm 7A (Cambridge)** at which time you may appear and show cause why such application should not be granted.

In the meantime, until such hearing, **WE COMMAND YOU**, said **Reach and Apply Defendants:  Peter Condakes Company, Inc., Shaw's Supermarkets, Inc., Top Notch Truck Brokerage and Kanzaki Specialty Paper**  and your agents, attorneys and counselors, and each and every one of them, to desist and refrain from paying $400.000.00 on goods, effect or credits, including monies, that are due the Defendant, Pacific Direct, Inc.

**Witness, Barbara J. Rouse**, Esquire, Chief Justice of the Superior Court at Cambridge, Massachusetts this 8th day of April,  2005.

.........................................................................................

Clerk

### (AFFIX RETURN OF SERVICE ON BACK OF SUMMONS)

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

cvcortroiss_2.wpd 624208 hrgpin cherubin

# COMMONWEALTH OF MASSACHUSETTS

........ MIDDLESEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2005-1077

*Gregory White, Henry* , Plaintiff
*Mattos and Gregory Crane*
*Pacific Direct Corporation and Bhupinder Singh*

................................. VS ................................., Defendant
*Community-Suffolk, Inc.; 4-M Fruit Distributors, Inc.*
*Coast to Coast Produce, LLC; The Alphas Group Inc.;*
*Peter Condakes Company, Inc.; Shaw's Supermarkets, Inc.*
*Top Notch Truck Brokerage and Kanzaki Specialty Paper*

## INTERLOCUTORY ORDER CONTINUING
## RESTRAINING ORDER IN FORCE

This cause came on to be heard upon the return of a notice to show cause with a temporary restraining order and was argued by counsel; and thereupon, upon consideration thereof, it is ordered and adjudged that said restraining order be and hereby is continued in force until ~~the further order of the Court~~.
*April 20, 2005.*

By the Court, (..... *M.C. Leed* ,................................., J.)

*Anne M. Cherubino*
*Deputy*    Assistant Clerk

Entered: *April 8, 2005* ................................,19 ........

Form No.Sup 102    *Copies given in hand me 04/08/2005*

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET# **MICV2005-01077**

Gregory White, Henry Mattos, Gregory Crane,
              Plaintiff(s)

vs.

Pacific Direct Corporation, Bhupinder Singh, Defendant(s) and Community - Suffolk, Inc.; 4-M Fruit Distributors, Inc.; Coast to Coast Produce, LLC; and The Alphas Group, Inc.  Reach and apply defendants

## SUMMONS AND RESTRAINING ORDER

To the above named Defendant(s):
     You are hereby summoned and required to serve upon, plaintiff's attorney,
**Mark D Engel, Esquire of  Engel & Schultz**
**125 High Street High Steet Tower Suite 2601,**
**Boston, MA 02110**, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.
     You are also required to file your answer to the complaint in the office of Clerk of this Court at Cambridge either before service upon plaintiff's attorney or within a reasonable time thereafter.
     Unless otherwise provided by Rule13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.
     **WE ALSO NOTIFY YOU** that application has been made in said action, as appears in the complaint, for a preliminary injunction.
     And that a hearing upon such application will be held at the court house at said **Cambridge**, in said county, on **04/08/2005** A.D. at **02:00 PM**, in **Rm 7A (Cambridge)** at which time you may appear and show cause why such application should not be granted.
     In the meantime, until such hearing, **WE COMMAND YOU**, said reach and apply defendants, Community-Suffolk, Inc., 4-M Fruit Distributors, Inc., Coast to Coast Produce, LLC and The Alphas Company, Inc. and your agents, attorneys and counselors, and each and every one of them, to desist and refrain from paying $400,000.00 on goods, effects or credits, including monies, that are due the Defendant, Pacific Direct, Inc.

     **Witness, Barbara J. Rouse**, Esquire, Chief Justice of the Superior Court at Cambridge, Massachusetts this 30th day of March,  2005.

............................................... .................................................
                                                                                    Clerk

## (AFFIX RETURN OF SERVICE ON BACK OF SUMMONS)

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

cvcortroiss_2.wpd 622979 hrgpin gouveial